(May 18, 1897.)

## SEARS v. FLODSTROM.

[49 Pac. 11.]

CONFLICTING EVIDENCE—FINDING OF JURY.—Where the sole question in a case is one of fact, and the evidence is conflicting, the finding of the jury will not be disturbed.

ORIGINAL PROMISE TO PAY FOR GOODS FURNISHED ANOTHER—NOT WITHIN STATUTE OF FRAUDS.—Defendant was proprietor of a meat market. Plaintiff was owner of a boarding-house, which he rented to a tenant, who was a woman and a stranger to plaintiff. Defendant introduced his tenant to plaintiff and requested him to let her have such meats as she required and charge the same to him. *Held*, that defendant was liable for balance of account for meats so delivered to the tenant of defendant; the promise being an original one, and not within the statute of frauds.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. W. Woods and A. G. Kerns, for Appellant.

The complaint alleges that appellant is indebted for meats sold and furnished to him. All the evidence shows that the meats were sold and delivered to one Betsy Johnson, who was running what is known as the "Flodstrom Boarding-house." The only evidence attempted to connect appellant with liability for the account is the testimony of respondent that about a year prior to the commencement of the account sued upon appellant remarked to respondent, on introducing Betsy Johnson to him: "Give her all the meat she wants; she will have charge of the house down there." There was no attempt to show a consideration upon the part of appellant to become responsible for the meats, and at best the evidence of respondent only tended to show that appellant was held as a mere guarantor, which brings the case within the statute of frauds. (*Clay v. Walton*, 9 Cal. 329; *Harris v. Frank*, 81 Cal. 280, 22 Pac. 856; *Fisher v. Salmon*, 1 Cal. 413, 54 Am. Dec. 297; *Comstock v. Breed*, 12 Cal. 286; 2 Parsons on Contracts, 5th ed., p. 11.)

Henry F. Samuels, for Respondent.

Anson, in his work on Contracts, second American edition by Knowlton, marginal page 59, thus illustrates: "If two come to a shop, and one buys, and the other, to gain him credit,

promises the seller 'if he does not pay you I will,' this is a collateral undertaking and void without writing by the statute of frauds. But if he says, 'Let him have the goods, and I will be your paymaster,' or 'I will see you paid,' this is an undertaking as for himself, and he shall be intended to be the very buyer and the other to act as but his servant." To the same effect, Clark on Contracts, 96, and note. The question whether the contract testified to by the plaintiff was one of original promise, or one of guaranty, was, as it should have been, submitted to the jury under proper instructions, as it was strictly a question of fact for the jury, and for the purposes of this case their verdict settled it. (8 Am. & Eng. Ency. of Law, 679; *Harris v. Frank*, 81 Cal. 280, 22 Pac. 856, 858; *Dean v. Tallman*, 105 Mass. 443; *Cowdin v. Gottgetrue*, 55 N. Y. 650; *Moshier v. Kitchell*, 87 Ill. 18.) But for the sake of the argument we may grant that the evidence upon the question as to whether there was a contract or original promise or not was conflicting, still the verdict of the jury will not be disturbed. (*Murphy v. Montandon*, 4 Idaho, 320, 39 Pac. 195; *O'Connor v. Langdon*, 2 Idaho, 61, 26 Pac. 559; *Chamberlain v. Woodin*, 2 Idaho, 642, 23 Pac. 177.)

HUSTON, J.—This is an action commenced in justice's court for the recovery of a balance of account claimed to be due from the defendant to plaintiff. The plaintiff recovered in the justice's court. An appeal was taken by the defendant to the district court, where the case was tried *de novo* to a jury, and the plaintiff again recovered. From the latter judgment, as well as from the order of the district court denying a new trial, this appeal is taken.

The facts may be briefly summarized as follows: The plaintiff in 1890 was running a meat market in the town of Gem, Shoshone county, Idaho, for the firm of Barger & Sears. At this time the defendant was the owner of a miners' boarding-house in the said town, but was himself employed in the mines, and was renting his boarding-house to different persons—it would seem mostly, if not entirely, to women, who, being strangers in the camp or town, were without credit; and the defendant was in the habit of taking them to the market of said Barger & Sears, and introducing them, telling said Barger & Sears to

deliver them what they wanted, and charge the same to him (the defendant). It seems that various girls, as the record states, became tenants of the defendant during the years 1890 and 1891. In the early part of 1891, one Betsey Johnson became the tenant of defendant, and was by the defendant introduced to said Barger & Sears, with the like statement that the account made by her should be charged to him. Monthly payments were made upon the account by said Betsey Johnson up to the time of her departure from the camp, and thereafter payments were made thereon by the defendant to the amount of some eighty-five dollars, leaving a balance of $160.17 due plaintiff as assignee of said Barger & Sears, and it is to recover this sum that this proceeding was instituted.

While there is considerable conflict in the evidence, the jury found—and, we think, properly—in favor of the plaintiff; and, as is conceded by the appellant in his reply brief, the only question involved is the liability of defendant upon his promise, as an original undertaking. That question being found by the jury, we are not inclined to disturb their finding. We have examined carefully the somewhat numerous exceptions presented by the appellant, but are unable to say that any error appears in the record which would justify a reversal. The order and judgment of the district court are affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.

ON REHEARING.<br>(June 9, 1897.)

QUARLES, J.—On original hearing we gave this case more than ordinary consideration. The petition for rehearing presents nothing new, and the matters therein reiterated were fully considered by the court in the former opinion. Upon the only question of importance, the request of the appellant to Barger & Sears to furnish Betsey Johnson meats, and charge to himself—an original promise, accepted and acted upon by Barger & Sears, and upon the faith of which the goods were sold and delivered—there was conflicting evidence, and the jury found for plaintiff. Under such circumstances, no other prejudicial error appearing, we will not disturb the verdict of the jury. A rehearing is denied.

Sullivan, C. J., and Huston, J., concurring.