(May 4, 1900.)

## BONNER v. POWELL.

[61 Pac. 138.]

VERDICT OF JURY—CONFLICT OF EVIDENCE.—The verdict of the jury will not be disturbed when there is a substantial conflict in the evidence.

AFFIDAVITS ON MOTION FOR A NEW TRIAL.—An affidavit on motion for a new trial must be properly identified as having been used on such motion, or it will not be considered on appeal.

(Syllabus by the court.)

APPEAL from the District Court, Idaho County.

James De Haven, for Appellant.

Negotiable paper made in the name of one partner, when his name is not also the name of the firm, is not, as a general rule, binding on the partnership. (Am. & Eng. Ency. of Law, 1027; Collyer on Partnership, sec. 483; Holmes v. Burton, 9 Vt. 252, 31 Am. Dec. 621.)

J. F. Ailshie, for Respondent, files no brief.

SULLIVAN, J.—This is an action in trespass, brought to recover damages for the unlawful taking of two thousand three hundred pounds of oats. It arose out of the following transaction: It appears that the appellant and his brother, John Bonner, were working a leased farm together, and that during that time John purchased a horse from defendant at the agreed price of fifty dollars, and gave his promissory note therefor. Part payment was made on the note in grain, which the respondent hauled from the threshing-machine during the threshing of the grain raised on the leased farm. It appears that the appellant and brother were in need of more help in threshing said grain and employed the respondent to assist them, and he quit hauling grain, and did assist them. There is some conflict in the evidence as to the terms of such employment. The respondent testified as follows: "When they were threshing, some time in October, Robert Bonner [the appellant] told me that they were short of hands, and that if I would stop

hauling my grain, and help them thresh the next day, that I could get my grain at any time; that him and his brother John would be there on the place, and, if neither one was there, I could get it at any time. I told Mr. Bonner if that was the case, I would help them thresh the next day. Ed. Breen was present at the time." Mr. Breen testified on the trial, and corroborated the testimony of the respondent. The appellant denied that he ever had such conversation. But the fact remains that the respondent was hauling grain taken in payment of said note from the threshing-machine, and quit doing so, and helped appellant and brother thresh. There is a substantial conflict in the evidence on several points, and the well-established rule is, in such cases, that the verdict of the jury will not be disturbed.

Exception is taken to the first and fifth instructions given to the jury. We have carefully considered the same, and, on applying them to the evidence, find no prejudicial error in them.

We find in the transcript an affidavit showing that the respondent testified, in a preliminary examination, in regard to the sale of said horse, which testimony is contradictory of his testimony as given on the trial of this case, but said affidavit is not identified as having been used on the hearing of the motion for a new trial, and for that reason we cannot consider it. The judgment of the court below is affirmed.

Huston, C. J., concurs.

Quarles, J., did not sit in the case, and took no part in the decision.

ON REHEARING.

(May 24, 1900.)

Per CURIAM.—We have examined the petition for a rehearing filed in this case. It presents nothing which has not heretofore been fully considered by the court. We see no cause for granting a rehearing. As to the question of allowing costs for certification of transcript under the rule laid down by this court in *Potter v. Talkington,* 5 Idaho, 317, 49 Pac. 14, Mr. Ailshie states that immediately after the hearing of the mo-

tion for a new trial he served notice upon James De Haven, Esq., attorney for plaintiff and appellant, that he was no longer attorney for defendant and respondent, and would appear no further in the case, and would no longer represent said defendant, as his employment by him had expired. Any service upon Mr. Ailshie thereafter could not entail any liability either upon him or his *quondam* client.