[December 14, 1900.]

## NUMBERS v. ROCKY MOUNTAIN BELL TELEPHONE COMPANY.

[63 Pac. 381.]

APPEAL FROM JUSTICE COURT—UNDERTAKING ON APPEAL.—On appeal from a justice court to the district court, respondent excepted to the sufficiency of the sureties; within five days thereafter, appellant filed a new undertaking on appeal, in lieu of the original, executed by a surety company, but did not give the

respondent notice of the filing of said new undertaking, and failed to file with said new undertaking documentary evidence showing that the surety company had complied with the provisions of the act of February 23, 1899, authorizing such surety companies to execute such undertakings. *Held*, that such appeal to the district court was ineffectual, and was properly dismissed by the district court on motion.

EXCEPTIONS FOR INSUFFICIENCY—BOND OF SURETY COMPANY—NOTICE.—When an undertaking on appeal from a justice's judgment to the district court is excepted to on the ground of insufficiency, the appellant may, in lieu of justification of sureties, file the undertaking of a surety company, but such undertaking must be accompanied with documentary evidence showing, *prima facie*, that such surety company has qualified to do business in Idaho, by complying with the requirements of the act of February 23, 1899, and that the execution of such undertaking has been authorized by the surety company, executed by agents or officers authorized to execute it and notice of filing such undertaking and evidence given to the respondent.

(Syllabus by the court.)

. APPEAL from District Court, Washington County.

Hugh E. McElroy and W. E. Borah, for Appellant.

It is only necessary to consider whether the bond is sufficient to perfect the appeal. The undertaking specifies that one of the purposes for which it was given is "payment of costs on appeal." For this purpose a bond of one hundred dollars is sufficient. (*Ward v. Superior Court of Marin County*, 58 Cal. 519.) The law specially authorizes the giving of new sureties in place of those excepted to. (Rev. Stats., sec. 4842.) In such cases the usual practice is to file a new undertaking which, it is held, relates back to filing of original bond. (*Cummins v. Scott*, 23 Cal. 526; *Fogel v. Schmalz*, 83 Cal. 201, 23 Pac. 294.) The law does not require a surety company to justify before the justice's court. That the provisions of section 4842 of the Revised Statutes relating to justification have been modified by the provisions of the act regulating surety companies, page 337, Session Laws of 1899. In view of this law, what possible jurisdiction remained in the justice to determine the sufficiency of this surety upon a justification? It is the duty of the Secretary of State to pass upon that matter, and his conclusion is

decisive. (*Kreling v. Kreling,* 116 Cal. 458, 48 Pac. 384; *Boyer v. Superior Court of San Francisco,* 110 Cal. 401, 42 Pac. 892.)

George P. Rhea, for Respondent.

The questions raised in this case concern the sufficiency of the undertakings on appeal filed, each of which is for the sum of $250, and the conditions being not only for payment of costs but stay of proceedings. They do not comply with the requirements of the statute. (Idaho Rev. Stats., sec. 4842; *McConky v. Superior Court of Alameda County,* 56 Cal. 83.) It is within discretion of court to refuse to dismiss appeal on account of the mere informality or insufficiency of the appeal bond, when the appellant will immediately give a good and sufficient bond. (*Shelton v. Wade,* 4 Tex. 148, 51 Am. Dec. 722.) Appellant wholly failed to have said sureties or other sureties appear before said justice, and justify within five days after notice of exceptance to their sufficiency was served; wholly failed to serve notice upon respondent, as to a time when they or other sureties would justify, and wholly failed to appear before said justice and justify either with or without notice. That, by reason of such failure the appeal must be regarded as if no such undertaking had been given. (Last eight lines of sec. 4842, Idaho Rev. Stats.; *Davelin v. Post Falls Woolen Mills Co.,* 4 Idaho, 735, 44 Pac. 554; *Lower v. Knox,* 10 Cal. 480; *McCracken v. Superior Court,* 86 Cal. 76, 24 Pac. 845; *Wood v. Superior Court of Monterey County,* 67 Cal. 115, 7 Pac. 200.) Said undertaking was not filed with said justice within thirty days after rendition of judgment as required by law. (Idaho Rev. Stats., 4838, 4841, 4842; *Salt Lake Brewing Co. v. Gillman,* 2 Idaho, 195, 10 Pac. 32; *Koker v. Superior Court of Colusa Co.,* 58 Cal. 178, 179.) Where the sufficiency of the sureties upon an undertaking on appeal from a justice's court is excepted to, the appeal cannot be perfected by filing a new undertaking without notice to the adverse party. (*Wood v. Superior Court,* 67 Cal. 115, 7 Pac. 200; *Stark v. Barrett,* 15 Cal. 364.)

QUARLES, J.—This action was commenced by the respondent against the appellant in the justice's court of West Weiser

precinct, in and for Washington county; and on the twenty-sixth day of January, 1900, judgment was made and entered therein in favor of the respondent and against the appellant for $102.06 damages and costs, taxed at two dollars and forty cents. Thereafter, and on February 21, 1900, the appellant served and filed notice of appeal, and executed and filed undertaking on appeal in said justice's court, appealing therefrom to the district court from said justice's judgment. Thereafter, February 23, 1900, the respondent served and filed exceptions to the sufficiency of said undertaking in said justice's court, under the provisions of section 4842 of the Revised Statutes, which, *inter alia,* provides that "the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge from whom the appeal is taken, within five days thereafter, upon notice to the adverse party to the amount stated in their affidavit, the appeal must be regarded as if no such undertaking had been given." Thereafter, and on February 17, 1900, the appellant filed a new undertaking, in words and figures as follows, to wit:

"Whereas the defendant desires to give an undertaking for payment of costs on appeal and stay of proceedings, as provided to be given in section 4842 of the Revised Statutes of the state of Idaho: Now, therefore, we, the undersigned sureties, do hereby obligate ourselves, jointly and severally, to the said plaintiff, under said statutory obligations, in the sum of two hundred and fifty ($250) dollars. This is given in lieu of original undertaking excepted to.

"Dated Boise, Idaho, February 26th, 1900.

"By DUDLEY HOLLAND,

"Mgr. Fidelity and Deposit Company of Maryland.

[Seal]                                    "By H. C. WYMAN,

"Its Attorney in Fact and Member of Local Board."

This undertaking was stamped with a three-cent internal revenue stamp, which was canceled, and attested by Sherman G. King, general agent. The above appears from the transcript before us to have been all of the proceedings in the justice's court.

412   Numbers *v.* Rocky Mountain etc. Tel. Co.   [7 Idaho,

Opinion of the Court—Quarles, J.

March 13, 1900, the respondent moved to dismiss the appeal in the district court upon the following grounds: "1. That the undertakings for an appeal filed by the defendant in said action are insufficient to justify an appeal as required by law, and are not such undertakings as are required to be given by section 4842 of the Revised Statutes of Idaho. 2. That said appeal, and proceedings in procuring said appeal, is irregular and imperfect, as appears from the transcript of the justice of the peace before whom said cause was tried, and the notices and undertakings filed before said justice, all of which are now filed in this court, and are a part of the record and files in this case, and the affidavit of George P. Rhea, attorney for plaintiff, and to which plaintiff refers in support of this motion." The affidavit referred to, among other things, contains the following: "That said defendant failed to notify this affiant or the plaintiff, in person, of the filing of said last-named undertaking, failed to serve said plaintiff or this affiant with a notice that the sureties on either of said undertakings would appear before said court or justice and justify as such sureties, and wholly failed to justify before said justice or this court or any other court, as appears from the record and files in this case." Thereafter, and on March 15, 1900, the appellant filed in the district court a certified copy of resolutions of the Fidelity and Deposit Company of Maryland authorizing the execution of similar undertakings by said H. C. Wyman, for and on behalf of said company, in the state of Idaho; also, the certificate of M. Patrie, Secretary of State of the state of Idaho, showing that said company had duly qualified to do business as a surety company under the act of February 23, 1899, entitled "An act regulating surety companies and authorizing and giving and guaranteeing of judicial, official and other bonds by such companies." Upon hearing the motion to dismiss, the district court granted said motion, and made and entered judgment dismissing the said appeal, and the appellant appeals therefrom to this court.

The transcript does not disclose the particular ground upon which the district court dismissed the appeal from the justice's court. But we are satisfied that the action of the district court was correct. That portion of section 4842 of the Revised Stat-

utes, quoted above, provides that, where the undertaking has been excepted to in the justice's court on the ground of insufficiency, the sureties to the undertaking, or other sureties, shall justify before the justice within five days after the service of such exceptions. Said section also requires the adverse party, the appellant in the justice's court, to notify the adverse party, the respondent, that such sureties would justify before the justice. Applying the provisions of said section to the case at bar, we are of the opinion that the failure of the appellant to notify the respondent of the filing of the new undertaking, with *prima facie* evidence of its sufficiency, within five days after the service of the respondent's exception to the sufficiency of the original undertaking upon appeal, rendered the appeal from the justice's court to the district court ineffectual.

It is argued on behalf of the appellant that the execution of said surety bond in lieu of the original undertaking on appeal answered the requirements of the statute as to justification of sureties upon the original undertaking or new sureties, for which reason the district court erred in dismissing the appeal. We do not think so. Under the provisions of the act of February 23, 1899 (see Acts 1899, p. 337), surety companies who comply with the requirements of said act are qualified to execute undertakings upon appeal. But when an undertaking executed by such surety company is offered in an inferior court in lieu of an original undertaking on appeal from such court to the district court, which has been excepted to on the ground of insufficiency, it must be accompanied by *prima facie* evidence showing that the surety company which executes it has complied with the provisions of the act of February 23, 1899. The new undertaking executed by the surety company in question in this case, unaccompanied as it was by any evidence showing *prima facie* that said surety company was authorized to execute such undertaking, and without notice of the filing of same to the respondent, did not comply with the requirement of section 4842 of the Revised Statutes.

As to the sufficiency of the new undertaking, in substance, we deem it unnecessary to express an opinion. We think it best, however, to suggest that said section 4842 of the Revised Stat-

utes, requires, in cases of appeal from justices' courts to the district court, where execution of the judgment is to be stayed, two obligations (maybe in the same undertaking)—one, in the sum. of $100, to cover costs of appeal, the other, for double the amount of the judgment and costs in the justice court, to secure: the payment of whatever judgment and costs may finally be recovered by the respondent against the appellant. Query: The undertaking in question being insufficient in amount to cover both of said obligations, can it be ascertained with certainty,. from the undertaking itself, that the surety undertook that the defendant would discharge the first obligation? For the reasons. above given, the judgment of the lower court is affirmed. Costs. of appeal awarded to respondent.

Huston, C. J., and Sullivan, J., concur.