(April 18, 1906.)

T. H. WILSON, Respondent, v. WILLIAM DOYLE, Appellant.

[85 Pac. 928.]

APPEAL FROM JUSTICE'S COURT—SUFFICIENCY OF UNDERTAKING ON APPEAL AND FOR STAY OF PROCEEDINGS—DISMISSAL OF APPEAL.

1. Where an appeal is taken from a justice's court and the appellant claims a stay of proceedings, under section 4842, Revised Statutes, it is necessary to give two obligations (which may both be in the same undertaking), one in the sum of $100, to cover costs of the appeal, and the other in twice the amount of the judgment, including costs.

2. An undertaking in twice the amount of the judgment, including costs, for the stay of proceedings is ineffectual for any purpose where there is no obligation ''for the payment of the costs on the appeal,'' and in such case the appeal is properly dismissed.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for the County of Kootenai. Hon. Ralph T. Morgan, Judge.

Respondent obtained a judgment in a justice's court and the defendant appealed to the district court. The appeal was dismissed by the district court and judgment of dismissal thereupon entered, from which judgment the defendant appealed to the supreme court. *Judgment affirmed.*

Charles L. Heitman, for Appellant, cites no authorities on points decided by the court.

Thomas H. Wilson, *pro se.*

The correlative "or" in the statute, section 4844, which section is identical with the California code, section 978, has received the judicial construction of "and." (*McConkey v. Superior Court,*. 56 Cal. 83; *Numbers v. Rocky Mountain Bell Tel. Co.,* 7 Idaho, 408 (last paragraph at p. 413), 63 Pac. 381).

The undertaking recites whereas "defendant is desirous of appealing," and "a stay of proceedings is claimed." It would seem to be void for uncertainty, especially as to the appeal. (*Kelly v. Leechman,* 5 Idaho, 521, 51 Pac. 407, and cases there cited; *Carter v. Butte Creek Gold Mine & P. Co.,* 131 Cal. 350, 63 Pac. 667.)

The appeal bond must conform to the terms of the statute. (*Johnson v. Letson,* 3 Ariz. 344, 29 Pac. 893.)

A stay bond does not do this. (*Duff v. Greenbaum,* 72 Cal. 157, 12 Pac. 74, 13 Pac. 323, approved by same court in *Duncan v. Times-Mirror Co.,* 109 Cal. 602, 42 Pac. 147.)

The obligors are held according to the terms of their bond only. (*People v. Breyfogle,* 17 Cal. 504, 508.) Hence would not be held for costs on appeal in this case.

AILSHIE, J.—This case was instituted in the justice's court of Harrison precinct, Kootenai county. Judgment was entered for the plaintiff, and the defendant appealed to the district court. On motion of the plaintiff the appeal was dismissed by the district court and judgment of dismissal was thereupon entered, from which the defendant has appealed to this court. It is contended by respondent here that the appeal was properly dismissed for the reason that the defendant and appellant failed to give an undertaking on appeal as provided by section 4842, Revised Statutes, and if that contention is correct, the judgment of the lower court in dismissing the appeal should be affirmed.

The judgment entered in the justice's court was for $80.60, principal, and $3.80 costs. The undertaking on appeal was given for the sum of $200. The conditions of the undertaking which are material to the consideration of the bond under discussion are as follows: "And, whereas, the above defendant is desirous of appealing from the decision of said justice to the district court at Rathdrum, in and for the county of Kootenai, state of Idaho, and a stay of proceedings is claimed:

"Now, if the above defendant, William Doyle, shall well and truly pay, or cause to be paid, the amount of said judgment and all costs, and obey any order the said district court may make therein, if the said appeal be withdrawn or dismissed, or pay the amount of any judgment, and all costs that may be recovered against the said district court, then this obligation to be null and void; otherwise to remain in full force and virtue."

The appellant contends that while the undertaking was not sufficient to stay proceedings in the justice's court, that it did constitute a sufficient undertaking on appeal. Respondent, on the other hand, contends that under section 4842 the undertaking is, if anything, merely a stay bond and is in no respect an appeal bond.

The supreme court of California in *McConkey v. Superior Court,* 56 Cal. 83, in construing section 978 of the Code of Civil Procedure of that state, which is the same as section 4842 of our statute, held that "the word 'or' in section 978 of the Code of Civil Procedure, joining the clauses referring respectively to the undertaking for costs on appeal and an undertaking for a stay of proceedings, is to be read 'and,' and in all cases the former undertaking is essential."

Our own supreme court in *Numbers v. Rocky Mountain Bell Tel. Co.,* 7 Idaho, 408, 63 Pac. 381, said: "We think it is best, however, to suggest that said section 4842 of the Revised Statutes requires, in cases of appeal from justices' courts to the district court where execution of the judgment is to be stayed, two obligations (may be in the same undertaking) —one in the sum of $100 to cover costs of appeal; the other, for double the amount of the judgment and costs in the jus-

tice court, to secure the payment of whatever judgment and costs may finally be recovered by the respondent against the appellant.'' It is clearly apparent from the context of section 4842 that where an appellant seeks a stay of proceedings, it is necessary to have two obligations—which, of course, may both be in the same undertaking—one to cover costs of appeal and the other in double the amount of the judgment and costs entered in the lower court. In this case the undertaking is not sufficiently large for both purposes. The obligation of the sureties on the bond is to pay the judgment, including costs, entered in the lower court, or the amount of any judgment and costs entered in the appellate court. The statute, however, requires an appeal bond in the sum of $100 "for the payment of the costs on the appeal," which is an entirely different thing from the payment of the judgment and costs entered in the lower court. The undertaking given in this case would doubtless be sufficient for a stay of proceedings, but since there is no undertaking on appeal, there is nothing to be stayed. The bond is not a sufficient appeal bond. It is too indefinite and uncertain to sustain a construction that would make it cover the appeal. We therefore conclude that there was no error in the district court dismissing the appeal, and the judgment will, therefore, be affirmed. Costs awarded to respondent.

Stockslager, C. J., and Sullivan, J., concur.