(November 14, 1906.)

## MARY E. EDMINSTON, Plaintiff, v. E. C. STEELE, Judge, Defendant.

[87 Pac. 677.]

PROHIBITION—APPEAL FROM JUSTICE COURT—APPEAL BOND—SUFFICIENCY.

1. On appeal from a justice court to the district court, where the appellant gives ''an undertaking for the payment of costs on the appeal to the district court and for a stay of execution,'' and the sureties are bound in a sum exceeding $100, though not in an amount sufficient to stay the proceedings, and the undertaking

contains all the obligations required in appeal bonds, such undertaking will be held sufficient to perfect the appeal, and in such case a motion to dismiss the appeal was properly overruled by the district court.

2. Where there is no uncertainty as to the conditions and obligations of an undertaking on appeal, the bond will be held effectual for the purposes of the appeal, although coupled with an invalid or insufficient stay bond.

(Syllabus by the court.)

ORIGINAL application for a writ of prohibition. Defendant demurred to the petition. *Demurrer sustained and cause dismissed.*

John O. Bender, for Plaintiff, cites no authorities on points decided.

E. A. Cox and Edward S. Fowler, for Defendant.

A bond intended for both stay and appeal, but insufficient for both purposes, is still good as an appeal bond, if it contains all the necessary conditions of an undertaking on appeal. (Hayne on New Trial and Appeal, sec. 213; *Zoller v. McDonald,* 23 Cal. 136; *Ward v. Superior Court,* 58 Cal. 519; *Dobbins v. Dollarhide,* 15 Cal. 374; *Mokelumne Hill C. & M. Co. v. Woodberry,* 10 Cal. 186; *Zapp v. Michaelis,* 56 Tex. 395; *Cruger v. Douglas,* 8 Barb. (N. Y.) 81; *Balph v. Hoggart,* 2 La. Ann. 462; *Lewis v. Splane,* 2 La. Ann. 754; *Ludeling v. Frellsen,* 4 La. Ann. 534; *Marshall v. Grand Gulf Co.,* 5 La. Ann. 360.)

AILSHIE, J.—This is an application for a writ of prohibition. To the plaintiff's petition the defendant had demurred on the ground that the petition does not state facts sufficient to entitle her to the relief demanded. This application grows out of the following state of facts: The plaintiff, Mary E. Edminston, commenced an action in the justice court and obtained a judgment for the total sum of $86.40. The defendant in that action, Martha Smith, served and filed her notice of appeal, and gave an undertaking in the following

form: "Whereas, the above-named defendant, Martha Smith, desires to give an undertaking for the payment of costs on an appeal to the district court and for a stay of execution against the property of the said Martha Smith in the above-entitled case;

"Now, therefore, we, the undersigned sureties, do hereby obligate ourselves jointly and severally to the above-named plaintiff, Mary E. Edminston, under the said statutory obligations and all statutory obligations applicable to such undertaking in appeal and for a stay of proceedings in the sum of one hundred eighty dollars ($180)."

When the case came on in the district court, the plaintiff here, who was respondent there, made a motion to dismiss the appeal on the following grounds: "That no undertaking on appeal for the payment of costs has been executed, or filed by appellant, Martha Smith; and that the undertaking executed by her to stay proceedings is not in a sum equal to twice the amount of the judgment rendered in the justice court including costs; that this court has no jurisdiction of this case."

After hearing the motion the court overruled the same, and thereupon the respondent, who is plaintiff here, applied to this court for a writ prohibiting and restraining the district court from proceeding to a trial of the cause. It is contended by the plaintiff that the undertaking given on appeal from the justice court to the district court is so indefinite and uncertain that it is neither good as an appeal bond nor as a stay bond. It is conceded by both sides that the undertaking is not in a sufficient amount to stay the proceedings as required by section 4842, Revised Statutes. (*Wilson v. Doyle, ante,* p. 295, 85 Pac. 928.) Counsel who appear for the defendant judge contend that the undertaking is in due form for an appeal bond and is in a sufficient amount, and that although it is not sufficient to stay proceedings, it is good as an appeal bond, and that the court correctly overruled the motion. It will be seen from an examination of this undertaking that it contains the language of the statute required in undertakings on appeal from a justice court, namely, that it is "for the payment of costs on appeal." On the other hand,

the obligation in the latter clause is in conformity with the act providing a form for undertakings, approved February 14, 1899 (Sess. Laws, 1899, p. 235), and binds the sureties in accordance therewith, namely, "the sureties bind themselves under the said statutory obligations and all statutory obligations applicable to such undertaking on appeal." The undertaking seems to contain all the obligations and requirements necessary for an undertaking on appeal, and the fact that it was also attempted to include therein a bond for stay of proceedings and that the amount of the obligation was not sufficient for that purpose does not invalidate or vitiate the first obligation to pay costs of the appeal. There can be no doubt, we think, but that the bondsmen can be held on this undertaking for the costs of the appeal to the extent of $100 under the statutory obligations. Such being the case, it would have been error for the district court to have dismissed the appeal. As to the extent, if any, of the obligation entered into by the sureties for stay of proceedings, that is not a matter involved in this case, and we have no occasion to consider it here. It must be assumed that this undertaking was given for a purpose—the first purpose to be served by an undertaking in such case is to perfect the appeal, because if there is no appeal, there can be no stay of proceedings—there will be nothing to stay. The bond, whatever its conditions or the amount of the obligation as to stay of proceedings, could serve no purpose if there is no valid appeal. The primary object of the party appealing from the justice court in giving an undertaking must have been to comply with section 4842, Revised Statutes, and make the appeal "effectual."

Counsel for plaintiff have placed some reliance upon the decision of this court in *Wilson v. Doyle, supra,* and *Numbers v. Rocky Mt. Bell Tel. Co.,* 7 Idaho, 408, 63 Pac. 381. Those cases each turned upon different facts from those involved here, and neither one of them is decisive of this question. Counsel also cites *Duffy v. Greenebaum,* 72 Cal. 157, 12 Pac. 74, 13 Pac. 323; *Galloway v. Tjossen,* 22 Wash. 103, 60 Pac. 129; *Buzley v. Sessons,* 22 Wash. 125, 60 Pac. 130; *Town of*

*Sumner v. Rogers,* 21 Wash. 361, 58 Pac. 214, in support of plaintiff's contention.

*Duffy v. Greenebaum* is not in point, for the reason that the undertaking there considered by the court was held not to contain the necessary obligations required in an appeal bond, and only amounted to a stay bond. The other cases cited by plaintiff are from the state of Washington, and appear to support his position. We are not, however, inclined to follow those authorities. They do not seem to us well founded, and have never met with the unanimous approval of that court. As late as the case of *Douglas v. Badger State Mine,* 41 Wash. 266, 83 Pac. 178, 4 L. R. A., N. S., 196, Mr. Justice Fullerton repudiated the doctrine that had been previously followed and approved by a majority of that court and said: "In my judgment a bond sufficient in condition and amount as an appeal bond is good as an appeal bond, regardless of any condition looking to the stay of the judgment it may contain." The view we have taken in this case seems to have been entertained in California under the statutes from which ours were taken and prior to their adoption in this state. (*Mokelumne Hill C. & M. Co. v. Woodberry,* 10 Cal. 186; *Dobbins v. Dollarhide,* 15 Cal. 374; *Zollar v. McDonald,* 23 Cal. 136; *Ward v. Superior Court,* 58 Cal. 519.) There was no error in the trial court overruling respondent's motion to dismiss the appeal and setting the case for trial. Defendant's demurrer to the petition herein will be sustained, and the case is dismissed with costs in favor of defendant.

Stockslager, C. J., and Sullivan, J., concur.