(November 30, 1908.)

## I. A. LIBBY, Respondent, v. SPOKANE VALLEY LAND AND WATER COMPANY, a Corporation, Appellant.

### [98 Pac. 715.]

APPEAL—JUSTICE'S COURT—UNDERTAKING—STAY OF PROCEEDINGS—BILL OF EXCEPTIONS—SURETY BONDS—JUSTIFICATION.

1. The certificate of the trial judge certifying to the different papers and documents used upon a motion to dismiss an appeal, although incorporated into the record and designated as a bill of exceptions, is not strictly a bill of exceptions, but is a certificate of identification under the statute, as to the papers used upon the hearing of the motion, and will be considered only as such certificate.

2. Under Rev. Stat., sec. 4842, in order to effect an appeal and stay the judgment appealed from upon appeal from the justice's court, an undertaking on appeal must be given for $100, to cover costs of appeal, and in an additional sum equal to twice the amount of the judgment including costs.

3. Where an undertaking on appeal is not given to cover the costs of the appeal from the justice's court to the district court, on motion, the appeal will be dismissed.

4. Where it clearly appears from the face of an undertaking that it was the intention of the appellant to give a bond in double the amount of the judgment and costs, for the purpose of staying the judgment, such undertaking will not be considered sufficient as an undertaking on appeal.

5. Where an undertaking on appeal, from a justice's court to the district court, is signed by a surety company, and exceptions to the surety are filed, under the provisions of sec. 4842 of the Rev. Stat., such surety company is required to justify within the time and upon notice, as prescribed in such section.

6. The presentation and filing with such justice of the notice or a certified copy thereof, given by the state insurance commissioner to the county recorder of the several counties of the state, certifying that such company is qualified, under the laws of this state, to do business, is a sufficient justification under the statute.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for the county of Kootenai. Hon. W. W. Woods, Judge.

An action to recover debt. Appeal to the district court from a justice's court. Appeal dismissed. Appeal to this court from the order of dismissal. Judgment *affirmed.*

Albert Allen and Herman H. Taylor, for Appellants.

The undertaking in the case at bar is identical with the undertaking considered in the case of *Jones v. Superior Court,* 151 Cal. 589, 91 Pac. 505, and we submit that every word of the decision in that case is applicable to this case. The undertaking follows the statute completely, and should be held sufficient.

We contend that when an undertaking on appeal is signed by a surety company under sec. 9 of the amended act (Sess. Laws 1905, p. 398), there is no such thing as requiring the sureties to justify under the provisions of sec. 4842, and that the court was bound to accept the certified copy of the notice of the insurance commissioner as a sufficient justification of the surety.

Ezra R. Whitla, for Respondents.

Not only must the party attempting to justify on a surety company bond show that the company has authority to do business in the state, but where the bond is signed simply by the attorney in fact, or agent of the company, and not by the regular officers thereof, the justification must be accompanied by evidence showing that such agents are duly authorized to execute such an undertaking. (*Numbers v. Rocky Mountain Bell Telephone Co.,* 7 Ida. 408, 63 Pac. 381.)

The above case is just as applicable under the statute of 1905 as under the statute of 1899, as the meanings of the two are identical, although the wording is slightly different.

The statute of 1905 did not repeal sec. 4842, Rev. Stat., but was an accumulative statute. An undertaking is to be strictly construed in favor of the sureties when an action is brought on the undertaking. "The sureties are bound by the precise terms of their undertaking, and not otherwise." (*Kelly v. Leachman,* 5 Ida. 521, 51 Pac. 407.) If the undertaking in the case at bar is good for any purpose it must be for a stay of proceedings, as that is what the same is given for, and not being of a sufficient amount to cover both the costs of appeal and the stay of proceedings, it is of no effect whatever. (*Wilson v. Doyle,* 12 Ida. 295, 85 Pac. 928; *McConky v. Superior Court,* 56 Cal. 83.)

STEWART, J.—The respondent recovered a judgment against the appellant, before T. E. Hedal, justice of the peace of Coeur d'Alene precinct, Kootenai county, Idaho, for the sum of $190 and $16 costs. The appellant appealed to the district court, from said judgment and filed in said justice's court an undertaking on appeal as follows:

"KNOW ALL MEN BY THESE PRESENTS: That Whereas the Spokane Valley Land & Water Company, defendant in the above-entitled action, is about to appeal to the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai, from the judgment made and entered against the defendant in the above-entitled action

in said Justice Court, in favor of the Plaintiff in said action, on the 4th day of January, 1908, for the sum of One Hundred and Ninety ($190.00) Dollars damages and the sum of Sixteen ($16.00) Dollars costs, and is desirous of staying the proceedings upon said judgment.

"NOW, THEREFORE, in consideration of the premises and of such appeal, the undersigned, The Fidelity and Deposit Company of Maryland, a corporation, authorized to execute such bonds in the State of Idaho, does hereby undertake and promise on the part of the appellant, to and with the defendant in said action, in the sum of Four Hundred and Twelve ($412.00) Dollars, being a sum equal to twice the sum of said Judgment and Costs, that the said Spokane Valley Land & Water Company, appellant, will pay the amount of said Judgment appealed from, and all costs if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against it in the action in the District Court, not exceeding the said sum of Four Hundred Twelve ($412.00) Dollars." This undertaking was signed as follows: "Fidelity & Deposit Co. of Maryland, by Jas. A. Williams, its attorney in fact. Attest: A. V. Chamberlain, Agent, Coeur d'Alene, Idaho. (Corporate Seal.)"

The notice of appeal and undertaking were filed with the justice on January 11, 1908 and on January 15, 1908, the plaintiff, respondent here, filed and served his exceptions to the undertaking on appeal, and to the sufficiency of the surety, and requiring the surety to appear and justify, as provided by sec. 4842, Rev. Stat. On January 21, 1908, the appellant filed with the justice of the peace a certified copy of the certificate of the state insurance commissioner, showing that the Fidelity and Deposit Company of Maryland had complied with the laws of Idaho and was authorized to become surety upon bonds in the state. After the filing of this certificate, the justice approved the undertaking on appeal, and the record was certified up to and filed in the district court. In the district court a motion was made by the respondent to dismiss the appeal. The principal grounds urged

were, that the undertaking filed in the justice's court was not a sufficient undertaking under the statute; that the plaintiff, having served notice of the exception to the surety upon said undertaking, and the respondent not having justified said surety, as required by law, there was no undertaking on appeal filed in said justice's court. Also, that there was no showing or evidence presented to the justice's court, that the agents of said surety company, purporting to have signed the appeal bond, had authority to sign the same. The trial court sustained the motion and dismissed the appeal. This appeal is from that judgment.

Three questions are presented: First,—Was the undertaking on appeal, from the justice's court, a sufficient undertaking under the statute? Second,—Was the appellant required by law to have the surety upon his undertaking on appeal, appear and justify before the justice of the peace? Third,—Was sufficient proof made to the justice's court showing that the agents, executing such undertaking on appeal, had authority to execute the same?

In this court respondent moves to strike out certain portions of the transcript. The portions to which the motion is addressed consist of what is denominated "exceptions to the order of the court dismissing the appeal." This is in the form of a bill of exceptions, and counsel for respondent contends that it should be stricken out for the reason that it does not show that any service was ever made upon the respondent or his counsel. While this document is denominated exceptions to an order, and is in the general form of a bill of exceptions, yet under the statute it is not strictly a bill of exceptions. It is merely a certificate or statement of the trial judge of the papers considered by him at the hearing of the motion to dismiss the appeal in the district court. This paper enumerated by proper identification the different documents and papers used and considered by the trial court upon the hearing of the motion to dismiss the appeal. It was necessary to identify in some form the papers and documents so considered by the trial court. (*Bonner v. Powell,* 7 Ida. 104, 61 Pac. 138; *Dougal v. Eby,* 11 Ida. 789,

85 Pac. 102; *Steve v. Bonner's Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363; *Doust v. Rocky Mountain Bell Telephone Co.*, 14 Ida. 677, 95 Pac. 209.)   This could be done, either by certificate of the trial judge, a stipulation of counsel, or a certificate of the clerk of the district court.   In this case appellant has seen fit to have such papers identified by the certificate of the trial judge, and although such paper is denominated a bill of exceptions, yet, in truth and fact, it is merely a certificate identifying such papers, and being such it was unnecessary to serve the same upon counsel for respondent.   Neither was it necessary to incorporate in a bill of exceptions the different documents used upon the hearing of the motion to dismiss the appeal.   The statute, sec. 4819, provides that "on appeal from a judgment rendered on an appeal, or from an order except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and the papers used upon the hearing in the court below."   This statute required the appellant to furnish this court with a copy of the notice of appeal, the judgment or order appealed from, and the papers used on the hearing in the court below.   The certificate, made by the trial judge and appearing in the record, identifies the papers so used upon the hearing in the court below and is a compliance with the statute.   A bill of exceptions was not required. (Rev. Stat., sec. 4427.)   The motion is also addressed to the undertaking on appeal filed in the justice's court.

An examination of the certificate above referred to shows that this undertaking was used by the trial court upon the hearing of the motion to dismiss the appeal.   Therefore, it was proper to certify such undertaking to this court upon this appeal, under the provisions of Rev. Stat., sec. 4819.   The motion to strike out portions of the transcript will be overruled.   The first inquiry, then, upon this appeal is: Was the undertaking filed in the justice's court sufficient under the statute.   Rev. Stat., sec. 4842 provides: "An appeal from a justice's or probate court is not effectual for any purpose, unless an undertaking be filed, with two or more sureties,

in the sum of one hundred dollars, for the payment of the costs on the appeal, or, if a stay of proceedings be claimed, in a sum equal to twice the judgment, including costs, when the judgment is for the payment of money.'' This court has held that the word ''or'' between ''appeal'' and ''if,'' in the above-quoted portion of this section, means and should read ''and.'' (*Wilson v. Doyle*, 12 Ida. 295, 85 Pac. 928.) Under this construction the statute requires that an undertaking be given for the sum of $100 for the payment of costs on the appeal, and if a stay of proceedings be claimed, then, an additional sum equal to twice the judgment, including costs. Both, however, may be united in the same undertaking. (*Wilson v. Doyle*, 12 Ida. 295, 88 Pac. 928.) This bond then is not for a sufficient amount to effect an appeal and also stay the judgment. To accomplish both objects, the amount should have been for $100 for costs and double the amount of the judgment $412, or a total of $512. Counsel for appellant, however, contend that if this court should be of the opinion that the bond is insufficient to effect both an appeal and stay, still it is sufficient as an appeal bond, and that the court should so consider it, citing the case of *Edminston v. Steele*, 12 Ida. 613, 87 Pac. 677. The bond in the latter case was a statutory bond, and clearly showed upon its face that it was given for the purpose of effecting an appeal. It recites: ''Whereas, the above-named defendant desires to give an undertaking for the payment of costs on appeal . . . . and for a stay of execution . . . . ; now, therefore, . . . . under the said statutory obligations, etc.''

In the case at bar the bond does not contain the language of the statute required in an undertaking on appeal, but does contain language which indicates that it was given for the stay of the judgment. It is for the exact sum of double the amount of the judgment. It recites that the appellant ''is desirous of staying the proceedings upon said judgment''; then obligates the appellant ''to pay the amount of said judgment appealed from and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against it in the action in the dis-

trict court." We think it clearly appears from the face of the undertaking that it was the intention of the appellant to give a bond in double the amount of the judgment and costs, and, by so doing, that the effect of the same would be to accomplish an appeal, as well as stay the judgment. Counsel may have concluded that the word "or," found in sec. 4819, between "appeal" and "if," gave an election, either to give a bond for $100 for costs which effected an appeal, or if a stay of the judgment was also desired, the bond should be in double the amount of the judgment and costs, which would have the effect of accomplishing an appeal as well as stay of the judgment. The bond recites as follows: "That, whereas, the Spokane, etc., is about to appeal to the district court of the first judicial district, etc., and is desirous of staying the proceedings upon said judgment, now, therefore, in consideration of the premises, and of such appeal, the undersigned, etc., undertake and promise on the part of the appellant, to and with the defendant in said action in the sum of $412, being a sum equal to twice the sum of said judgment and costs, that the said Spokane, etc., will pay the amount of said judgment appealed from and all costs if the appeal be withdrawn or dismissed or the amount of any judgment and all costs that may be recovered against it in the action in the district court."

This clearly shows that the appellant intended to give an undertaking for double the amount of the judgment and costs, for the purpose of staying the judgment. The conditions of the bond only obligated the surety to pay the amount of the judgment and all costs if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be allowed in the district court. To pay the costs if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against it in the action in the district court clearly indicates that the obligation to pay all costs referred to the costs in the district court and not the costs on appeal. "Or the amount of any judgment and all costs in the district court" is an explanation or qualification of the costs the undertaking obligates

the surety to pay, and does not refer to the costs on appeal. (*Wilson v. Doyle*, 12 Ida. 295, 85 Pac. 928.)    This case does not come under the rule announced in *Edminston v Steele*, *supra*.    The undertaking not being sufficient as an appeal bond, the trial court committed no error in dismissing the appeal.    The conclusion reached as to the sufficiency of the undertaking calls for an affirmance of the judgment of the lower court, and would make it unnecessary to consider or decide any of the further questions presented upon this appeal.

There is, however, another question of importance argued upon this appeal and which no doubt will arise in many other cases, and for that reason we have considered it advisable to pass upon it in this opinion.    It is this: Where a surety company executes an undertaking on appeal, and exceptions are filed under the provisions of sec. 4842, is the surety company required to justify, and what is a sufficient justification?    Sec. 4842 of the Rev. Stat. of Idaho, among other things, provides: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge from whom the appeal is taken, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."    Counsel for appellant contends that this provision of the statute has no application to a bond signed by a surety company, while counsel for respondent contends that surety companies must, when exceptions to the surety are taken as provided in the statute, appear and justify as other sureties.

The act of 1899, and the amendments thereto of 1905 (Laws of 1899, p. 337, and Laws of 1905, p. 395) authorize surety companies to do business within the state of Idaho upon certain conditions.    Sec. 3 of this act provides that the state insurance commissioner, upon due proof that such company possesses the necessary qualifications, shall issue to said company a certificate authorizing said company to do business until and including April 30th next ensuing.    This section

further provides that the certificate shall be evidence of the authority of such company to do business in this state, and to become and to be accepted as sole surety on all private bonds and contracts, etc. The Fidelity and Deposit Company of Maryland signed the undertaking in question in this case, and within the time prescribed by the statute, the respondent gave notice of exceptions to the surety, and calling upon the surety to justify as provided by sec. 4842.

The appellant filed a certificate signed by the insurance commissioner of the state of Idaho, among other things certifying that the Fidelity and Deposit Company of Maryland was authorized to do and transact business within the state of Idaho up until the end of the ensuing year, to wit, April 30, 1906. Notice, however, was not given to the adverse party that such surety, or other sureties, would justify before the justice from whom the appeal was taken.

The question then is: First,—Was the surety company required to justify; and Second,—Was the certificate filed a sufficient justification under the statute? While it is true that sec. 3842 was enacted long prior to the time of the enactment of the statute, authorizing surety companies to sign bonds, contracts, etc., yet, we are unable to find anything in the statute of 1899 and 1905, prescribing the qualification of surety companies to do business in this state, which in any way modifies or makes inapplicable the provisions of sec. 4842. But we do find a specific provision in the act of 1899, as amended by the Laws of 1905, which in our opinion makes the provisions, with reference to justification, applicable to surety companies. Sec. 9 of the act of 1899, as amended by Laws of 1905, provides that, ''when any surety company, not organized under the laws of the state of Idaho, shall have complied with the laws of this state, as in this act and as otherwise by law provided, it shall be the duty of the insurance commissioner of this state on the first day of the next succeeding month, to send to the county recorder of each county in this state, a notice, stating that said surety company has complied with the laws of this state, and is authorized to write risks of the kind and character authorized

in its certificate of authority, to do business, stating therein in general terms, the risks authorized to be written by such company.  Such notice shall be issued by said insurance commissioner over his signature and seal of office, and shall be received in evidence as a sufficient justification of such surety, and of its authority to do business in this state until the end of the ensuing year in which the same may have been issued, or until notice be given of the withdrawal from, or of cancellation of its license to do business in this state.''

This section, in our judgment, clearly contemplates that a surety company may be called upon to justify, just the same as any other surety, and prescribes the method of justification.  This seems to have been contemplated by this act or there would have been no provision for the justification of the surety company.  If it was not necessary to justify, why would the act provide that the certificate should be a sufficient justification of such company?

We are satisfied that the legislature intended to require a surety company to justify when exceptions are taken, as provided in Rev. Stat., sec. 4842.  The reason for this is apparent.  Bonds may be executed by surety companies, who have not qualified under the laws of this state, and their character and solvency may be unknown to the party for whose benefit they have executed such undertaking, and this statute gives to the party, for whose benefit the undertaking is executed, the opportunity to except to such surety and require a showing that such surety is qualified under the laws of the state of Idaho to enter into such contract, as without such provision the party beneficially interested would have no method of protecting himself.

We conclude, therefore, that where exceptions have been taken to a surety company, as surety upon an undertaking on appeal, then such company must comply with the requirements of sec. 4842, Rev. Stat., by giving notice that it will justify and by justifying.  The method and sufficiency of the justification is clearly provided for in sec. 9 of the act of 1899, and the amendment thereto of 1905.  This section provides that the notice, required to be given by the state

insurance commissioner to the county recorder of each county in the state, "shall be received in evidence as a sufficient justification of such surety." The method and manner of justifying, then, is by presenting to the court, before whom the justification is to be made, the notice above referred to or a certified copy thereof. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.