**321 P.2d 606**

**Alvin DENMAN, Executor, Applicant,**

**v.**

**Henry S. MARTIN, District Judge, Respondent.**

**No. 8608.**

Supreme Court of Idaho.

Feb. 10, 1958.

Reginald R. Reeves, Idaho Falls, for applicant.

Boyd R. Thomas, Idaho Falls, for respondent.

PORTER, Justice.

On May 23, 1957, applicant obtained a judgment in the Probate Court of Bonneville County against the Western Auto Supply Company, a corporation, for the sum of $334.85. On May 29, 1957, the Western Auto Supply Company served and filed a notice of appeal from such judgment to the Dsitrict Court of the Ninth Judicial District for Bonneville County.

The Western Auto Supply Company at the same time filed an undertaking on appeal reading as follows:

"Whereas, the defendant in the above-entitled action has appealed to the District Court of the Ninth Judicial District in and for the County of Bonneville, State of Idaho, from the judgment rendered in said Court in the above-entitled cause on the 23rd day of May, 1957, in favor of the above-named plaintiff and against the said defendant for $326.00 plus court costs of $8.85, a total judgment of $334.85, and

"Whereas, the appellant is desirous of suspending the execution of the judgment so appealed from, and

"Whereas, the defendant desires to give an undertaking for the aforesaid appeal pursuant to Section 17–105, Idaho Code, Anno.,

"Now, therefore, we, the undersigned sureties do hereby obligate ourselves, jointly and severally, to the said appellee under said statutory obligations in the sum of $669.70.

"Dated this 29th day of May, 1957.
"/s/ J. C. McCarty
"/s/ Clarence A. Taylor."

Thereafter, applicant moved to dismiss said appeal on the ground that no cost bond on appeal had been filed in said action. Henry S. Martin, Judge of the Ninth Judicial District, denied such motion to dismiss and placed the cause on the trial calendar of his court. Thereupon applicant brought this original proceeding in this court for a writ of prohibition, praying that the defendant Henry S. Martin, District Judge, be restrained and prohibited from proceeding with the trial of said cause. A temporary writ of prohibition was issued and the cause set down for hearing in open court. The Western Auto Supply Company, as the real party in interest, was permitted to intervene. Oral arguments have been presented and the cause submitted to the court for final determination.

Section 17–105, I.C., provides that an appeal from the probate court is not effectual unless an undertaking be filed with two or

more sureties in the sum of $100 for the payment of the costs on the appeal. It also provides that if a stay of proceedings be claimed that an undertaking be given in a sum equal to twice the amount of the judgment when the judgment is for the payment of money.

Section 12–613, I.C., reads as follows:

"General form of undertaking.— Whenever a party to an action or proceeding desires to give an undertaking provided to be given by law, it shall be sufficient if the sureties sign an undertaking indicating that they are thereby bound to the obligations of the statute requiring the undertaking to be given. Such undertaking may be in form as follows:

(Title of court. Title of cause.)

"Whereas, the ——— desires to give an undertaking for (state what) ———, now, therefore, we the undersigned sureties, do hereby obligate ourselves jointly and severally, to (name who) ——— under said statutory obligations in the sum of ——— dollars.

"The sureties so signing such undertaking are bound to the full statutory obligations of the statute requiring the undertaking."

An examination of the undertaking filed shows that it was intended to be an undertaking for appeal and also for a stay of proceedings. It is not contended that the two bonds may not be in one instrument. Wilson v. Doyle, 12 Idaho 295, 85 P. 928. However, the undertaking given lacks $100 of being in the amount which would be required to cover the $100 bond on appeal and double the amount of the judgment for stay of proceedings. The undertaking which was filed specifically says that "the defendant desires to give an undertaking for the aforesaid appeal pursuant to Section 17–105, I.C." It further says with reference to its obligations "Now, therefore, we, the undersigned sureties do hereby obligate ourselves, jointly and severally, to the said appellee under said statutory obligations." A comparison shows that this language is identical with the language used in the form of undertaking approved in Section 12–613, I.C.

 Where an undertaking for security for costs on appeal and an undertaking for stay of proceedings are combined in one instrument and the total amount is not sufficient to cover both the $100 costs on appeal and double the amount of the judgment, then the undertaking is deemed to be sufficient as an undertaking on appeal but insufficient as a supersedeas bond for a stay of proceedings. Where the undertaking in question specifically states that it is for an undertaking on appeal and the statutory obligations are entered into by the sureties, then the undertaking is sufficient to support

the appeal from the probate court to the district court. 4a C.J.S. Appeal and Error § 547, p. 265. In a very similar situation to the one now before us, this court in Edminston v. Steele, 12 Idaho 613, at page 616, 87 P. 677, at page 678, discussed the matter as follows:

"The undertaking seems to contain all the obligations and requirements necessary for an undertaking on appeal, and the fact that it was also attempted to include therein a bond for stay of proceedings, and that the amount of the obligation was not sufficient for that purpose, does not invalidate or vitiate the first obligation to pay costs of the appeal. * * * It must be assumed that this undertaking was given for a purpose. The first purpose to be served by an undertaking in such case is to perfect the appeal, because if there is no appeal, there can be no stay of proceedings—there will be nothing to stay. The bond, whatever its conditions or the amount of the obligation as to stay of proceedings could serve no purpose if there is no valid appeal. The primary object of the party appealing from the justice court in giving an undertaking must

have been to comply with section 4842, Rev.St., and make the appeal 'effectual.' "

See also, Libby v. Spokane Valley Land & Water Co., 15 Idaho 467, 98 P. 715.

As to the sufficiency or insufficiency of undertakings on appeal, see generally, Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077; Huggins v. Green Top Dairy Farms, 74 Idaho 266, 260 P.2d 407; Marine Mart v. Kruger, 75 Idaho 345, 272 P.2d 307; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669; In re Arrow Transportation Co., 77 Idaho 523, 296 P.2d 459.

The undertaking in issue is sufficient to sustain the jurisdiction of the district court to entertain the appeal, although such undertaking is not sufficient for a stay of execution. The trial court did not err in denying the motion to dismiss the appeal. The temporary writ of prohibition heretofore issued is hereby quashed and the application for a permanent writ of prohibition is hereby denied. Costs awarded to respondent and to intervenor.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.