(September 28, 1891.)

## CONNELL v. WARREN.

[27 Pac. 730.]

INTERLOCUTORY ORDER—APPEAL FROM.—Under section 4807 of the Revised Statutes of Idaho, an appeal cannot be taken from an interlocutory order, made on the trial of an application for a special order after final judgment.

SPECIAL ORDER AFTER FINAL JUDGMENT.—An interlocutory order, made in the trial of an application for a special order after final judgment, is not a "special order after final judgment" within the meaning of section 4807 of the Revised Statutes.

(Syllabus by Sullivan, C. J.)

APPEAL from District Court, Alturas County.

No briefs filed in case.

Kingsbury & McGowan, for Appellant.

Bruner & Parsons, for Respondent.

SULLIVAN, C. J.—This is an appeal from the district court of Alturas county. The facts are substantially as follows: The appellant brought his suit in the probate court of Alturas county, on a money demand, against the respondent, and recovered judgment therein. Thereafter a writ of execution was issued by said court for the collection of said judgment. Thereupon the respondent made application to said probate court for an order to quash or vacate said writ. After hearing said motion or application, the probate court denied the same. Thereupon the respondent appealed to the district court, from the order denying said application. Thereafter, and before said appeal came on for trial in the district court, the appellant moved to dismiss the said appeal so taken from the probate court. The district court overruled said motion to dismiss. Thereupon the appellant appealed to this court from the order of the district court overruling said motion to dismiss. The respondent appears in this court, and moves to dismiss the appeal on the ground that the order appealed from is not an appealable order, and cites, among other authorities, in support of said motion, section 4807 of the Revised Statutes of Idaho, as follows: "An appeal may be taken to the supreme court from the district court . . . . (3) from an order granting or refusing a new trial; from an order granting or refusing an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment," and urges that the order appealed from is not enumerated in said section as an appealable order, and that it is not an order from which an appeal can be taken. The appellant maintains that said order is a "special order, made after final judgment," and is mentioned in said section as one of the orders from which an appeal may be taken; that the final judg-

ment in the main case was made and entered by the probate court, and that the order appealed from was made after final judgment therein. This court is called upon to determine whether said order refusing to dismiss said appeal is "a special order, made after final judgment," within the meaning of said section 4807. The order made by the district court, refusing to dismiss said appeal, is an interlocutory order, made in the proceeding to obtain an order to quash or vacate a writ of execution, and is not a "special order after final judgment," within the meaning of said section 4807. If a "special order after final judgment" means every order that a court may make in the trial or hearing to determine whether an order prayed for shall be granted, a separate appeal would lie fom each and every interlocutory order made by the court during the trial. I am of the opinion that the expression "special order made after final judgment," as used in said section, means the special or particular order applied for after final judgment, and not every order that may be made by the court in the hearing to determine whether the order applied for shall be granted. By saving the proper exception to all interlocutory orders made by the court on the hearing of an application for an order after final judgment, all of such interlocutory orders may be reviewed on an appeal from the order granting or refusing the order prayed for. For the reasons above stated this appeal should be dismissed, and it is so ordered, with costs against the appellant.

Morgan and Huston, JJ., concur.