(November 14, 1896.)

## THIESSEN v. RIGGS.

[46 Pac. 829.]

No FINAL JUDGMENT—DISMISSAL.—Where the record shows no final judgment, or other final disposition of the case in the district court, the appeal will be dismissed on motion.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellants.

No brief on file upon the point decided by the court.

Eugene O'Neill, for Respondent.

No brief on file upon the point decided by the court.

HUSTON, J.—This action was originally commenced in the probate court of Nez Perces county, and was brought to recover possession of a certain number of sheep claimed by plaintiff. The facts, as shown from the record, are as follows: The plaintiff and defendants are engaged in the sheep business in Nez Perces county. During the winter of 1895 a number of sheep from the band of plaintiff strayed into the band of defendants—some one hundred and sixty head. Within three or four days thereafter defendants notified plaintiff of the fact, and requested him to come and remove his sheep from the band of defendants. This the plaintiff neglected to do, and defendants herded and cared for said sheep of plaintiff during the winter of 1895 and 1896. In the spring of 1896 plaintiff made demand of defendants of delivery of said sheep. Defendants refused to deliver them until their bill for herding and keeping, amounting to fifty dollars, was paid. Thereupon plaintiff brings his action of claim and delivery. Now, it would seem to the ordinary mind that the issues arising from this state of facts are brief and simple. There was no dispute about the facts. The only question was; Is the plaintiff legally bound to pay the agister's lien of the defendants to entitle him to the possession of the sheep? To settle this question

(about which there should never have been any dispute, unless it arose upon the amount claimed by defendants), we find the following proceedings in the record: Action by plaintiff; complaint filed; amended complaint; answer to original complaint; answer to the amended complaint; cross-complaint and answer to cross-complaint. The probate court seems to have been turned into an arena for an exhibition of legal acrobatics in the way of pleadings. A trial was had before a jury upon this formidable array of pleadings in the probate court, which resulted in the following verdict: "We, the jury duly impaneled and sworn to try the above-entitled action, find that the plaintiff is entitled to recover from the defendants the possession of the one hundred and forty head of sheep described in the plaintiff's amended complaint, or the sum of $315, the value thereof, in case delivery cannot be had. R. P. Mudge, Foreman." And further: "We, the jury duly impaneled and sworn to try the above-entitled action, find a verdict for defendants in the sum of forty dollars. R. P. Mudge, Foreman." Upon this verdict, judgment was rendered by the probate court in favor of the plaintiff for the recovery of one hundred and forty head of sheep, or their value ($315), and for the defendants in the sum of forty dollars, and their costs in this action, amounting to seventy-six dollars and forty cents. From this judgment of the probate court, plaintiff appealed to the district court. The case came up in the district court upon the pleadings filed in the probate court, and, on motion of the plaintiff, judgment was rendered upon the pleadings, to wit, for the possession of one hundred and forty head of sheep, and for his costs. There were numerous motions made, as appear by the record, for retaxation of costs, etc., and on the 21st of May, 1896, the following entry appears in the record by the district court: "Now at this time the court renders a decision on the motion to strike out the cross-complaint, and for judgment on the pleadings, heretofore argued and submitted herein, and sustains the same, except as to the cross-complaint, which is allowed to stand. To which ruling the plaintiff asks and is allowed an exception, and to which ruling the court also allows an exception to counsel for defendant." Upon the record thus made, defendants appeal to this court.

Motion to dismiss appeal is filed by respondent. The motion is granted, for the reason the record does not show any final judgment, or other final disposition of the case. The granting of a judgment on the pleadings was error. The case should have been tried and decided by the district court as a whole. There was no excuse for dividing the issues. The verdict and judgment of the probate court was a proper disposition of the case, except that the defendants should have been given a lien upon the sheep until their bill for keeping, as found by the jury, was paid. (*Blackfoot Stock Co. v. Delamue,* 3 Idaho, 291, 29 Pac. 97.) The appeal is dismissed; costs to abide result of trial of the case in district court. It is suggested to the district court that it should proceed and try the action upon the issues raised by the pleadings.

Morgan, C. J., and Sullivan, J., concur.