(May 18, 1897.)

## POTTER v. TALKINGTON.

[49 Pac. 14.]

PRACTICE—WHEN A JUDGMENT IS FINAL.—A final judgment is one that fully settles the rights of the parties to the action. A judgment or order of court determining the law applicable to the issues of an action, but leaving questions of fact unsettled, is not a final judgment or such judgment as is reviewable on appeal.

CLERK'S FEES—CERTIFYING TRANSCRIPT.—The clerk of a district court could not be required at the time the controversy herein arose to certify a transcript on appeal from this court, unless the legal fees for copying and certifying such transcript provided by law should be tendered to him.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James E. Babb and W. N. Scales, for Appellant.

The agreed facts show that defendant is clerk of the district court in and for Idaho county; that plaintiffs were preparing an appeal from the district court in Idaho county to this court; that instead of requesting the clerk to prepare for them their transcript on appeal, the plaintiffs, through their attorney, prepared it for the clerk; and presented it to the clerk for certification; he demanded twenty cents a folio for certifying the same; plaintiffs demanded that he should certify it on payment of the fees allowed for a certificate only, and a reasonable fee for the time and labor required in comparing. The court below erred in deciding that the clerk was not entitled to pay at the rate of twenty cents per folio. (Idaho Sess. Laws 1890-91, p. 174; *Morrison v. Rodes,* 7 T. B. Mon. (Ky.) 20; *Chambers v. Appleton,* 47 N. Y. Sup. Ct. Rep. (15 Jones & S.) 524; *State v. Kelsey,* 44 N. J. L. 1; *Edmondson v. Mason,* 16 Cal. 386.)

James W. Reid, for Respondents, cites no authorities on the point decided by the court.

QUARLES, J.—A question arose between the parties to this proceeding as to the fees allowable by law to the appellant as clerk of the district court below, and the matter was submitted by stipulation, without action. The judgment of the lower court is in words and figures as follows:

"In the above-entitled action, the parties having submitted the controversy to the decision of the court upon a statement of facts agreed upon by and between them, James W. Reid appearing as counsel for the plaintiffs, and W. N. Scales as counsel for the defendant, and the court having considered the same, and being fully advised in the premises, it is ordered, adjudged and decreed, and the court doth hereby order and adjudge, that the plaintiffs pay to the defendant the fees allowed by law to clerks of court for a seal and certificate, to wit, the sum of fifty cents, and, in addition thereto, a reasonable fee for the time and labor required by the defendant in comparing said transcript with the original papers and certifying as to their accuracy. The said reasonable fee is hereby adjudged to be at the rate of five dollars per day for each day of seven hours—business hours—actually required in comparing said transcript with said original papers, and such pay of fifty cents and five dollars per day is in lieu of all other compensation for certifying said transcript.

"Dated this 10th day of October, 1896.

"W. G. PIPER,
"District Judge."

"Said judgment filed November 10, 1896, and entered same day in Judgment Book No. 1, page 278."

The aforesaid judgment purports to settle the law applicable to the pending controversy erroneously, we think, but does not determine the facts involved, or fix absolutely the amount of fees due the appellant. No execution or final process could issue on said judgment; hence it is not a final judgment, and for that reason no appeal will lie therefrom. But as the parties are proceeding informally, and are seeking to ascertain what the lawful fees of the clerk for certifying a transcript on appeal which has been prepared by the appellant are, we express the opinion that in such case the clerk is entitled to the full fees allowed by law for copying and certifying such transcript. To lessen the costs of appeals, this court has adopted a rule which permits the appellant to prepare the transcript on appeal, and present it to the attorney for the respondents, and the attorneys of the respective parties may then certify to such transcript. Under said rule, if the respondent's attorney fails to certify

the transcript, the respondent is liable to the appellant for the cost of procuring a certification of such transcript, and it is incumbent on this court to see that the rule is enforced. Under the law as it existed when this controversy arose the clerk could not be required to authenticate any record except such as should be made by him, and then only on payment of the fee allowed for making and certifying the transcript, and this was true, although the transcript should have been made by some one else. (*Edmondson v. Mason,* 16 Cal. 387; *Chambers v. Appleton,* 47 N. Y. Sup. Ct. 524; *State v. Kelsey,* 44 N. J. L. 1; *Morrison v. Rodes,* 7 T. B. Mon. 20.) As to the fees allowable to a clerk in such cases since the adoption of the act of March 12, 1897, we express no opinion. The appeal herein is dismissed, with costs to respondents.

Sullivan, C. J., and Huston, J., concur.

ON REHEARING.

(June 9, 1897.)

HUSTON, J.—Appellant has filed a petition for a rehearing in this case, as he states in his petition, "only on a point not made by counsel, but raised of the court's own motion, and decided without argument." We would suggest to counsel that the appellate court is not confined in its investigations to the limits of the briefs of counsel or to their oral arguments for rules of law or authorities. We have examined the cases of *McMenomy v. White,* 115 Cal. 339, 47 Pac. 109, and *Gregory v. Gregory,* 102 Cal. 50, 36 Pac. 364, and are unable to see their applicability. They simply decide that when a case is heard on an agreed statement of facts no findings of fact are necessary. But that question is not involved in this case. The proceeding was brought under the provision of chapter 2, title 3, of "Summary Proceedings" (Code Civ. Proc.), Revised Statutes, which prescribes how actions of this kind may be brought in the district court. Section 5070 provides: "The judgment may be enforced in the same manner as if it had been rendered in an action, and is in the same manner subject to an appeal." As we have repeatedly decided, there can be no appeal where there is no final judgment. In this case there is no judgment; nothing to appeal from. If the only purpose was to get the opinion of the court upon a disputed question

of practice, then counsel are not within the provisions of the statute, as that only applies to a controversy that is real, and is brought in good faith to determine the rights of the parties; and until the rights of the parties have been settled by a judgment of the district court, the appellate jurisdiction of this court cannot be invoked. The constitution fixes both the original and appellate jurisdiction of this court, and such jurisdiction cannot be extended by stipulation of litigants, nor by the laches of respondent in not raising the question. Petition for rehearing is denied.

Sullivan, C. J., and Quarles, J., concur.