(April 24, 1917.)

In the Matter of the Organization of DRAINAGE DISTRICT No. 1 OF ADA COUNTY. JOHN W. HAYES et al., Respondents and Cross-Appellants, v. FARMERS' UNION DITCH COMPANY, LIMITED, Cross-Respondent, and DAVID H. EASTMAN et al., Appellants.

[164 Pac. 1018.]

DRAINAGE ACT OF 1913—NONAPPEALABLE ORDER.

1. An order of the district court declaring a proposed drainage district duly organized, under the provisions of section 4, chap. 16, Sess. Laws 1913, is not an appealable order under section 4800, Rev. Codes, since it is not a final order, and a further hearing upon the question in the district court is provided by the drainage act of 1913, which also provides for an appeal from the order of the court confirming the report of the commissioners, upon which appeal the question sought to be raised in this appeal might properly be raised.

2. *Held,* that chap. 16, Sess. Laws 1913, and amendments thereto, providing for the establishment of drainage districts, does not provide for an appeal from an order of the district court declaring a

district duly organized, after the first hearing upon the petition for such organization, and such preliminary order of the district court does not finally adjudicate any of the rights involved in proceedings under the provisions of said chapter.

[As to what judgments and orders may be appealed from, see note in 20 Am. St. 173.]

APPEAL from the District Court of the Third Judicial District, for Ada County.  Hon. Carl A. Davis, Judge.

Appeal from an order declaring drainage district duly organized, and from an order excluding the Farmers' Union Ditch Company, Limited, from said district.  *Dismissed.*

Martin & Cameron, for Appellants.

B. F. Neal, for Respondents and Cross-appellants.

Cavanah & Blake, for Cross-respondent.

Richards & Haga and McKeen F. Morrow, *Amici Curiae.*

Counsel cite no authorities on points decided.

BUDGE, C. J.—This is an appeal from an order declaring a proposed drainage district duly organized.  A cross-appeal has also been prosecuted by the respondent drainage district from that portion of the court's order excluding the Farmers' Union Ditch Company, Limited, from the district.  A petition was filed in the district court for Ada county, signed by a great number of land owners in the proposed district, and praying that the lands and property described in said petition be organized into a drainage district under the provisions of chap. 16, Sess. Laws 1913, and amendments thereto.  The appellants, objecting land owners, filed objections and remonstrances and sought to have their lands excluded from the proposed district.

After due notice a hearing was had upon the petition and evidence was received touching the matters at issue.  The court prepared findings of fact and conclusions of law and

entered an order declaring the proposed district duly organized, defining the boundaries thereof and excluding from the district the Farmers' Union Ditch Company, Limited, cross-respondent. From this order the appeal and cross-appeal were prosecuted.

Upon our investigation and consideration of this case we find that we are confronted at the very outset with the serious question: Is the order which the trial court entered an appealable order? Or, in other words, are the appeals being prematurely prosecuted?

Section 4800, Rev. Codes, provides: "A judgment or order, in a civil action, except when expressly made final, may be reviewed as prescribed in this Code, *and not otherwise.*" (Italics ours.)

The law under which this proceeding was instituted provides: First, that a petition shall be presented. Second, that a notice shall be given, setting the time and place at which the district judge will consider said petition. Third, upon the hearing any person or corporation may appear before the court and make objection to the organization of the district and the proposed boundaries thereof, and upon final hearing the judge shall make such changes of the proposed boundaries as he may deem proper and shall establish and define such boundaries, and shall ascertain and determine the approximate number of acres which will be benefited by the proposed system, and shall find whether the proposed system will be conducive to the public health, welfare or convenience, or increase the public revenue, or be of special benefit to the majority of the land included within the proposed boundaries of the district as established. But said judge may not change the boundaries so as to include any territory outside the boundaries described in the petition, and the judge shall cause an order to be entered by the clerk and recorded in the judgment record, setting forth the facts found. Fourth, upon the entry of the findings, if the judge finds said proposed drainage system to be conducive, either to the public health, welfare, or convenience, or that it will increase the public revenue, or be of special benefit to the majority in acreage of the

lands included in said boundaries, he shall declare said district duly organized, and within ten days thereafter shall appoint three drainage commissioners. The clerk of said district court shall cause a copy of the order, declaring said district organized, to be filed in the office of the Secretary of State, and from and after the date of said filing said organization shall be deemed complete. Fifth, after the drainage commissioners have qualified they are to proceed with the survey of the proposed district and report their findings to the court; if after this investigation they find that the costs, expenses and damages are more than equal to the benefits that will be bestowed upon the lands, they shall so report and the proceedings shall be dismissed. If, on the other hand, they find that the costs will be less than the benefits, they shall so report, and the court shall then make and enter an order fixing a time and place when and where all persons interested may appear and contest the confirmation thereof, and notice is provided to be given of this hearing. Sixth, any of the land owners or any person or corporation affected by the work proposed may appear on the day set for hearing and remonstrate against the whole or any part of the proposed work. The district court or the presiding judge may then fix a time for hearing the objections. If any person demands it, a jury will be impaneled to try the question of assessed benefits or awarded damages, all other issues arising on remonstrances are to be tried by the court, and if the court finds that the report requires modification, the same may be referred to the commissioners, *who may be required to modify it in any respect.* (Italics ours.) If the findings be awarded against the validity of the proceedings the same may be dismissed, if the findings are in favor of the validity of the proceedings the court, after the report shall have been modified to conform to the findings, or if there be no remonstrances, shall confirm the same, which order of confirmation is subject to the right of appeal to the supreme court; such appeal shall bring before the supreme court the propriety and justice of the amount of damages or assessment of benefits in respect to the parties to the appeal. If the proceedings are dismissed the commis-

sioners of the district have the same right of appeal. It appears [ch. 16, section 12, Sess. Laws 1913] that if the commissioners find that the proposed district, as described in the petition filed, will not embrace all of the lands that will be benefited by the proposed work, or that it will include lands that will not be benefited and not necessary to be included in said district for any purpose, they may extend or contract the boundaries of the proposed district so as to include or exclude all such lands, the only limitation upon this being that such alteration shall not have the effect of so far enlarging or contracting said district as to render said petition void or dismissible.

It will be seen from this *résumé* of the statutory provisions that the order appealed from is not a final order. It may happen that when the commissioners make their report, as above outlined, the lands of appellants may be excluded from the district. At any rate, a further hearing upon the question is provided to be had in the district court, and the statute expressly provides for an appeal from the order confirming the report, upon which appeal the questions sought to be raised in the case at bar may be raised. The statute does not provide for an appeal from the order of the district court which follows the first hearing upon the petition. There has been no final adjudication of the rights involved under the procedure outlined in the drainage act of 1913 and the amendments thereto. The order entered is not final, but is expressly made subject to modification in any respect, by the court, even to the extent of a complete dismissal of the proceedings.

We have reached the conclusion, therefore, that under the provisions of section 4800, Rev. Codes, quoted above, this court is without jurisdiction to entertain the present appeals, for the reason that the judgment or order appealed from is not a final judgment or order. (*Adams v. McPherson*, 3 Ida. 117, 27 Pac. 577; *Connell v. Warren*, 3 Ida. 117, 27 Pac. 730; *Thiessen v. Riggs*, 5 Ida. 21, 46 Pac. 829; *Potter v. Talkington*, 5 Ida. 317, 49 Pac. 14; *Cady v. Keller*, 28 Ida. 368–371, 154 Pac. 629; *Weiser Irr. Dist. v. Middle Valley etc. Co.*, 28 Ida.

548–553, 155 Pac. 484; *Doudell v. Shoo,* 159 Cal. 448, 114 Pac. 579; *Williams v. Field,* 2 Wis. 421, 60 Am. Dec. 426, and note.)

Both appeals are dismissed. Costs awarded to respondents and cross-respondent.

Morgan, J., concurs.

Rice, J., sat at the hearing of this case but took no part in the opinion.