(October 1, 1917.)

CHARLES H. LAMBERTON, Plaintiff, v. CHARLES P. McCARTHY, as Judge of the District Court of the Third Judicial District of the State of Idaho, Defendant.

[168 Pac. 11.]

MANDAMUS—JUDGMENTS—FINALITY.

1. A writ of mandate will not issue where the party seeking it has a plain, speedy and adequate remedy at law.

2. A final judgment is one which disposes of the subject matter of the controversy or determines the litigation between the parties on its merits.

3. If that which may come before the court for further action is necessary for carrying the judgment or decree into effect, or is merely in execution thereof, it is final and appealable.

[As to one's right to apply for the writ of *mandamus* against judicial officer where having right to appeal, see note in 98 **Am. St.** 891.]

PETITION for writ of mandate. *Denied.*

A. A. Fraser, for Petitioner.

The so-called judgment heretofore entered is null and void, for the reason that it is not sustained by the pleadings, nor the findings of fact made by the court.

In an action of this character no personal judgment can be rendered against a copartner until all the assets of the copartnership have been sold and the proceeds derived therefrom distributed among the parties as their several interests may appear. (Bates on Partnerships, sec. 973; *Rosenstiel v.*

*Gray,* 112 Ill. 282, 286; *Moran v. McInerney,* 129 Cal. 29, 61 Pac. 575; *Clark v. Hewitt,* 136 Cal. 77, 68 Pac. 303; *Stower v. Kamphefner,* 6 Cal. App. 80, 91 Pac. 424.)

The purported judgment is void on account of its ambiguity and uncertainty. (*Wallace v. Farmers' Ditch Co.,* 130 Cal. 578, 62 Pac. 1078; *Gregory v. Blanchard,* 98 Cal. 311, 33 Pac. 199.)

The so-called decree entered in this case is not a final decree from which an appeal can be taken. It is not a final order discharging the receiver or winding up the affairs of the copartnership. The partnership property has not been judicially ascertained, nor is it identified in any manner by the decree in this case.

The decree does not provide who shall make a division of the property remaining after sale nor in what manner the same shall be divided. It is not final, for the reason that the court has expressly reserved jurisdiction to make any other or further order it deems proper in the premises; and because there is no decree, nor has there been any finding of the court as to the costs of administration, receiver's fees, etc. (*North Carolina R. R. Co. v. Swasey,* 23 Wall. (90 U. S.) 405, 409, 23 L. ed. 136, 137; *Parsons v. Robinson,* 122 U. S. 112, 7 Sup. Ct. 1153, 30 L. ed. 1122; *Lodge v. Twell,* 135 U. S. 232, 10 Sup. Ct. 745, 34 L. ed. 153; *White v. Conway,* 66 Cal. 383, 5 Pac. 672; Freeman on Judgments, 4th ed., sec. 34; *Lalande v. McDonald,* 2 Ida. 307, 311, 13 Pac. 347; *Colton Land & Water Co. v. Swartz,* 99 Cal. 278, 33 Pac. 878, 879; *Rochat v. Gee,* 91 Cal. 355, 27 Pac. 670.)

"A judgment, though upon the merits, or determining some substantial right which leaves necessary further judicial action before the rights of the parties are settled, is not final." (*Bateman v. Gitts,* 17 N. M. 619, Ann. Cas. 1915B, 1192, 133 Pac. 969; *State v. Klein,* 140 Mo. 502, 41 S. W. 895; *Standard Steam Laundry v. Dole,* 20 Utah, 469, 58 Pac. 1109.)

*Mandamus* is the proper proceeding to compel the trial court to enter up a final judgment in order that an appeal may be taken therefrom. (*Havens v. Stewart, Judge,* 7 Ida. 298, 62 Pac. 682.);

D. E. Brinck, Henry Z. Johnson and Wyman & Wyman, for Defendant.

"The form of the judgment is not material, provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated." (Black on Judgments, sec. 115.)

The court below would have been without any power to modify the judgment already entered, and substitute another judgment in lieu thereof. (*McCaffrey v. Snapp*, 95 Wash. 202, 163 Pac. 406, 408.)

The writ will not be granted "to reverse the decisions of inferior courts, upon matters properly within their judicial cognizance, or to compel them to retrace their steps, and correct their errors in judgments already rendered." (High's Ex. L. Remedies, 2d ed., p. 167; *Board of Commrs. v. Mayhew*, 5 Ida. 572, 579, 580, 51 Pac. 411, 413, 414.)

*Mandamus* is ordinarily a remedy for official inaction, and will not lie to undo what has been done. (26 Cyc. 158.)

*Mandamus* to enter a judgment will not issue where its effect would be to review or control the judicial discretion of the inferior court. (26 Cyc. 210; Spelling on Extraordinary Legal Remedies, sec. 1389; Bailey on Habeas Corpus and Extraordinary Remedies, secs. 208–a, 211; *State ex rel. v. Bradshaw*, 59 Or. 279, 117 Pac. 284; *Lindsey v. Carlton*, 44 Colo. 42, 96 Pac. 997; *Ex parte Morgan*, 114 U. S. 174, 5 Sup. Ct. 825, 29 L. ed. 135; *St. Michael's Monastery v. Steele*, ante, p. 609, 167 Pac. 349; *State ex rel. Harris v. Laflin*, 40 Neb. 441, 58 N. W. 936; *People v. Superior Court*, 114 Cal. 466, 46 Pac. 383.)

The court would have retained jurisdiction to give further instructions to the receiver, whether same had been expressed in his decree or not; and nothing remained to be done except some parts of the administrative phase of the receivership. This does not mean that any provision in the decree is to be changed or modified, but that the court may oversee and

supervise its enforcement. (*Zappettini v. Buckles,* 167 Cal. 27, 138 Pac. 696.)

The fact that the amount of debts was not determined did not prevent the judgment from being final. (*Costello v. Scott,* 30 Nev. 43, 93 Pac. 1, 94 Pac. 222.)

There is no hard-and-fast rule that upon a dissolution all of the assets of the partnership shall be converted into cash. Under the American rule this is to be done only so far as necessary to pay debts. (30 Cyc. 434, 694; Shumaker, Partnership, 220; *Johnson v. Mantz,* 69 Iowa, 710, 27 N. W. 467.)

"A decree on a partnership dissolution will not be set aside for indefiniteness because it orders defendant to pay the amount which he owes plaintiff and also directs the receiver to wind up the business and pay the judgment, where from its entirety its meaning is clear that if defendant does not pay the amount, then the receiver shall pay it." (*Noble v. Faull,* 26 Colo. 467, 58 Pac. 681.)

Where all the property and assets of a firm are placed in the hands of a receiver in a suit to wind up its affairs, a more specific description is not necessary. (34 Cyc. 314; *Barron v. Mullin,* 21 Minn. 374.)

The only issue between the parties was upon the accounting. The court took the account and found that plaintiff's allegations were true, and gave judgment accordingly.

If the court was mistaken in the manner of enforcing the decree, that could be corrected on appeal. Even were it admitted, the court had erred in the directions given for enforcing the decree, that would not affect the matter of its finality; and being a final decree, an appeal would lie. (*Marquam v. Ross,* 47 Or. 374, 78 Pac. 698, 83 Pac. 852, 86 Pac. 1; *Arnold v. Sinclair,* 11 Mont. 556, 28 Am. St. 489, 29 Pac. 340; *Costello v. Scott, supra.*)

The decree is final even where it orders the account to be taken. (Black on Judgments, 41; Bates on Partnership, sec. 970.)

MORGAN, J.—Eugene W. Yeomans and Kirtland I. Perky instituted an action against Charles H. Lamberton,

plaintiff herein, alleging, in substance, that on April 29, 1910, they, Lamberton and one Hill formed a partnership to deal in real estate, and that later Hill sold his interest therein to Lamberton, whereupon a new partnership agreement was entered into whereby the latter was to receive a commission of 5% upon all sales made by him, the actual expenses of advertising for sale and improving land owned by the partnership, and he was to be allowed a bookkeeper at a salary of $60 per month and other expenses enumerated in the complaint; that in violation of this contract Lamberton wasted the assets of the partnership, appropriated large sums of its money to his own use, refused to account to his partners for the money received by him, and committed other acts contrary to the terms of the agreement. An accounting, dissolution of the partnership, sale of the assets thereof, payment of debts, a division of the remaining property, and a personal judgment against Lamberton for any sums found due to plaintiffs under the accounting were prayed for. Lamberton filed an answer denying the misappropriation complained of or that he was indebted to the other partners, and prayed for an accounting, dissolution of the partnership and judgment against the plaintiffs in a sum claimed by him to be due.

An order was made by the defendant herein, Hon. Chas. P. McCarthy, as district judge, dissolving the partnership and ordering an accounting. Thereafter a receiver was appointed and the accounting was had, the case tried and the court filed its findings of fact and conclusions of law and a judgment wherein it was decreed, in substance, that Yeomans recover from Lamberton $10,729.65; that Perky recover from him $10,066.39, and that execution issue therefor; that the partnership be dissolved, the receiver continue, until final order of the court, to administer the partnership assets and pay the debts and cost of administration; that the interest of Lamberton, in the remaining property, or so much thereof as may be necessary for that purpose, be sold to pay the amounts found due to plaintiffs, and that any remaining property be divided, one-fourth to Yeomans, one-fourth to

Perky, and one-fourth to Lamberton. By the terms of the decree further directions, as to the administration of the business, may be made by the court during the course of receivership proceedings.

The plaintiff herein has petitioned this court to issue a writ of mandate requiring the defendant to render a final judgment in that action, contending that the decree heretofore made and entered is interlocutory, not final, and therefore not appealable; also that it is void because personal judgment was rendered against him before the partnership assets had been sold and the proceeds distributed among the parties as their interests might appear and an execution was directed to issue thereon; that it is void for ambiguity because it orders that execution shall issue, and yet directs the amounts found due to the plaintiffs to be paid from the sale of the partnership assets in the hands of the receiver; that it specifies that the remainder of the property be divided between the parties, but does not direct who shall make the division; that it does not identify the property to be sold or the debts to be paid; that the court reserves jurisdiction to make further orders controlling the actions of the receiver.

Where a judge refuses to render a final judgment after a case has been finally submitted for adjudication, mandate will lie (*Havens v. Stewart,* 7 Ida. 298, 62 Pac. 682), but it is well settled in this state that such a writ will not issue to compel the court to enter a certain kind of judgment, nor in any case where there is a plain, speedy and adequate remedy at law. (*St. Michael's Monastery v. Steele, ante,* p. 609, 167 Pac. 349, and cases therein cited.)

Is the judgment herein complained of final? Without passing upon the question of whether or not, in an action for a dissolution of partnership and an accounting, the court may render a personal judgment against any of the parties and direct an execution therefor, it is sufficient to say that if such a judgment is erroneous, an appeal therefrom can be taken. The personal feature of the judgment does not render void that part of it which determines the amount due plaintiffs,

and does not destroy its finality.    (*Noble v. Faull*, 26 Colo. 467, 58 Pac. 681.)

Without passing upon the question as to whether the judgment is void, we will say that different remedies are upheld by different authorities to relieve from a void judgment, among which are an appeal, motion to vacate, and appropriate action to prohibit its execution (3 C. J. 467), but our attention has been directed to no authority, and we can find none, holding that the invalidity of such a judgment furnishes a basis for relief by *mandamus*. Indeed, the existence of any one of the various remedies approved by the courts defeats plaintiff's right to the writ prayed for in this case. (*St. Michael's Monastery v. Steele, supra*.) Nor can the finality of the judgment be attacked because the court reserved jurisdiction to change or modify the directions given to the receiver. By so doing it does not leave undecided any question involving a substantial right of any of the parties, but, having determined those rights, it directs the mere ministerial execution of such judgment and reserves the power to supervise such execution. (*Zappettini v. Buckles*, 167 Cal. 27, 138 Pac. 696; *Costello v. Scott*, 30 Nev. 43, 93 Pac. 1, 94 Pac. 222.)

In an action for dissolution of a partnership and for an accounting, a determination of the character and identity of the property to be disposed of and of any indebtedness to be paid is necessary, and if the judgment fails to sufficiently describe the property placed in the hands of the receiver to be sold, or the debts to be paid, an appeal will lie to this court as in any other case where the trial court has failed to render findings and to adjudicate a material issue.

The omission to designate who shall divide the remaining property among the parties, and the manner of its division, was not a failure to determine the substantial rights of the litigants, but merely a defect in the mode of execution, and does not affect the finality of the judgment so as to render it nonappealable.

A final judgment has been stated to be one which disposes of the subject matter of the controversy or determines the litigation between the parties on its merits. (3 C. J. 441.)

The plaintiff in the former action alleged a partnership and violation of the partnership agreement and asked for a dissolution and accounting. It was determined by the court that defendant had not performed the terms of the contract; an accounting was ordered and had, the amount due the plaintiffs was determined, and a receiver was appointed. A decision was given upon every material issue, all the rights of the parties were determined and all that remains to be done is the execution of the judgment. If that which may come before the court for further action is necessary for carrying the judgment or decree into effect, or is merely in execution thereof, it is final and appealable. (3 C. J. 445; *Zappettini v. Buckles, supra; People v. Bank of Mendocino Co.,* 133 Cal. 107, 65 Pac. 124; *Bryant v. Davis,* 22 Mont. 534, 57 Pac. 143; *Marquam v. Ross,* 47 Or. 374, 78 Pac. 698, 83 Pac. 852, 86 Pac. 1; *Arnold v. Sinclair,* 11 Mont. 556, 28 Am. St. 489, 29 Pac. 340.)

Plaintiff has cited many authorities to sustain his contention that the judgment complained of is not final, for the reason that the court reserved the right to direct the future action of the receiver, but in the authorities cited the acts remaining to be done by the court did not relate to the mere execution of the judgment, but were necessary to the final determination of the substantial rights of the litigants. The authorities are therefore not in point.

The petition for writ of mandate is denied. Costs are awarded to defendant.

Rice, J., concurs.

Budge, C. J., sat at the hearing, but took no part in the decision of this case.