(No. 4829.   December 27, 1927.)

## BLAINE COUNTY NATIONAL BANK, a Corporation, Appellant, v. F. D. JONES and BETTY JONES, Husband and Wife, Respondents.

[262 Pac. 509.]

APPEAL AND ERROR—WHEN APPEALS MAY BE TAKEN—FINAL JUDGMENT —APPEALABLE ORDER—DISMISSAL.

1.  Under constitution and C. S., sec. 7152, and other statutes, appeals can only be taken from judgments that are final, or those from which appeals are specifically provided for.

2.  An order or judgment staying proceedings is not appealable.

3.  Under C. S., sec. 7152, providing that appeal may be taken to supreme court from district court from "final judgment," decree of district court, in action to foreclose mortgage, ordering that plaintiff take nothing by action, and that action be abated until proof of judgment in another case should be submitted to court, having failed to determine finally controversy between parties, appeal from decree must be dismissed.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County.   Hon. H. F. Ensign, Judge.

Action to foreclose mortgage.   Motion to dismiss.   *Appeal dismissed.*

J. G. Hedrick, Oppenheim & Lampert and E. O. Smith, for Appellant.

An appeal may be taken to the supreme court from a district court from a final judgment in an action.   (C. S., sec. 7152.)

Publisher's Note.

1.  What orders and judgments may be appealed from, see note in 20 Am. St. 173.   See, also, 2 R. C. L. 39 et seq.   What are final and interlocutory judgments, see note in 60 Am. Dec. 427.   See also, 2 R. C. L. 40.

See Appeal and Error, 3 C. J., sec. 256, p. 433, n. 7; sec. 258, p. 441, n. 45; sec. 296, p. 474, n. 30.

A decree which adjudges that the plaintiff take nothing by its action leaves nothing to be abated. An added direction to abate the action for further evidence is pure surplusage.

The lower court had judicial notice that the decree in *Albrethsen v. Wood River Land Co.* was already entered. (C. S., sec. 7933.)

A judgment that determines all matters in controversy in the action between parties is final. (2 R. C. L. 40, sec. 22; 3 C. J. 441; *Jain v. Priest,* 30 Ida. 273, 164 Pac. 364; *Lamberton v. McCarthy,* 30 Ida. 707, 168 Pac. 11; *Berding v. Varian,* 34 Ida. 587, 202 Pac. 567; *Weiser Irr. Dist. v. Middle Valley Irr. Ditch Co.,* 28 Ida. 548, 155 Pac. 484; *Potter v. Talkington,* 5 Ida. 317, 49 Pac. 14.)

"A judgment is final when it terminates the action or proceeding, regardless of whether rights of parties as to the subject matter have been adjudicated." (*State v. Third Judicial District,* 36 Utah, 223, 102 Pac. 868.)

James & Ryan, for Respondents.

Where there is no final judgment or other final disposition of the case in the district court, the appeal will be dismissed. (*Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829.)

Under the statutes and constitution of the state, appeals can be taken only from judgments that are final or those from which appeals are specifically provided for. (C. S., sec. 7152; *Weiser Irr. Dist. v. Middle Valley etc. Co.,* 28 Ida. 548, 155 Pac. 484.)

A final judgment is one that fully settles the rights of the parties to the action and determines the controversy between the parties. (*Potter v. Talkington,* 5 Ida. 317, 49 Pac. 14; *Lamberton v. McCarthy,* 30 Ida. 707, 168 Pac. 11.)

A final judgment is one that puts an end to the action and leaves nothing to be judicially determined. It leaves nothing for future determination. (3 C. J., pp. 441–443.)

An order or judgment staying proceedings is not appealable. (3 C. J., p. 456, notes, 474, sec. 296; *Rhodes v. Craig,* 21 Cal. 419; *Avery v. Superior Court,* 57 Cal. 247; *Parmalee v. Wheeler,* 32 Wis. 429; *Schmidt v. Levy,* 61 Barb. (N. Y.) 496; *Trogdon v. Brinegar,* 26 Ind. App. 441, 59 N. E. 1066; *Maynard v. Town of Greenfield,* 103 Wis. 670, 79 N. W. 407.)

FEATHERSTONE, C.—Appellant brought this action to foreclose a mortgage on certain lands in Blaine county. Respondents set up in their answer a total failure of consideration and a breach of certain statutory covenants implied, under the provisions of C. S., sec. 5384, from the use of the word "grant." Respondents also interposed a plea of abatement, asking that the action be abated until this court finally determine the case of *Albrethsen v. Wood River Land Company.* A jury was called and served in the trial court. Certain interrogatories were submitted to it, all of which were answered favorably to respondents. The court then rendered its decree as follows:

"It is hereby ordered and decreed that the plaintiff take nothing by this action and that said action be and is hereby abated until proof be submitted herein showing whether or not the judgment in the case of *Albrethsen v. Wood River Land Company et al.,* referred to in the findings of fact and conclusions of law herein, has become final and proof of said judgment submitted to this court."

Thereupon appellant appealed and respondents moved to dismiss the appeal on the ground that there has been no final judgment by the trial court and that an appeal will not lie before a final judgment has been entered.

Appellant contends that the decree of the trial court that "plaintiff take nothing by this action" finally disposes of the matter and leaves nothing to abate, and that the attorneys for respondents, in their brief submitted to the trial court, called the attention of the trial judge to the fact that the judgment in *Albrethsen v. Wood River Land Com-*

*pany* had become final and that the trial court must take judicial notice that such decree was entered.

[1] C. S., sec. 7152, provides an appeal may be taken to the supreme court from a district court—

"From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of the board of county commissioners; within ninety days after the entry of such judgment."

Under the statutes and constitution of this state, appeals can only be taken from judgments that are final, or those from which appeals are specifically provided for. (*Weiser Irr. Dist. v. Middle Valley etc. Co.,* 28 Ida. 548, 155 Pac. 484.) This court in *Lamberton v. McCarthy,* 30 Ida. 707, 168 Pac. 11, held that a final judgment is "one which disposes of the subject matter of the controversy or determines the litigation between the parties on its merits," following the case of *Potter v. Talkington,* 5 Ida. 317, 49 Pac. 14. In *Thiessen v. Riggs,* 5 Ida. 21, 46 Pac. 829, it was held that where the record shows no final judgment or other final disposition of the case in the district court, the appeal will be dismissed.

[2] An order or judgment staying proceedings is not appealable. (3 C. J. 474, sec. 296.) The supreme court of California, in *Rhodes v. Craig et al.,* 21 Cal. 419, where an order was made in an action pending in the district court staying all proceedings therein until the further direction of the court, held:

"The difficulty, however, with the present case is that no appeal lies from the order of the court. It is not an injunction against the parties in another action; it is a simple order staying proceedings in the same action. The remedy of the plaintiff is not by appeal, but by the application for a *mandamus* to compel the court to proceed."

See, also, *Avery v. Superior Court,* 57 Cal. 247.

[3] The decree of the trial court having failed to determine finally the controversy between the parties, we recommend that the appeal be dismissed.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the appeal is dismissed.

Costs to respondents.