[Civ. No. 7048. First Appellate District, Division Two.—March 12, 1930.]

SADIE E. PRITCHARD, Respondent, v. HAZEL HUBBARD KING, Appellant.

George Clark Sargent for Appellant.

C. Franklin Baxter and Hamilton A. Bauer for Respondent.

Aaron M. Sargent, as *Amicus Curiae*.

STURTEVANT, J.—The plaintiff filed a complaint in which she alleged that F. G. King, deceased, at the time of his death had in his possession certain properties purchased with partnership funds and the plaintiff asked for a judgment ascertaining and defining her rights as surviving partner. The defendant filed an answer and at the same time she filed a cross-complaint. To that cross-complaint the plaintiff demurred. The demurrer was sustained and the defendant filed an amended cross-complaint. Later the plaintiff served a motion to strike out the amended cross-complaint. After serving that notice the plaintiff died and Jennie M. Baxter was appointed administratrix and she was substituted as plaintiff. Thereafter she presented the motion to strike. It was granted and a purported "judgment upon cross-complaint" was entered. From that judgment the defendant has attempted to appeal and has brought up a bill of exceptions. The record does not disclose that any judgment in the main action has been entered. We think we are not at liberty to pass on the appeal. The statute did not authorize an independent judgment on the amended cross-complaint. The purported judgment on the cross-complaint, as separate from the judgment in the main case, is not appealable. (Code Civ. Proc., sec. 963, subd. 1; *Stockton etc. Works* v. *Glen's Falls Ins. Co.*, 98 Cal. 557, 577 [33 Pac. 633]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 528 [246 Pac. 39].) It follows that the appeal should be dismissed.

It is so ordered.

Nourse, Acting P. J., and Burroughs, J., *pro tem.*, concurred.