[L. A. No. 12921. In Bank.—October 30, 1931.]

W. W. YANDELL et al., Respondents, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Erwin P. Werner, City Attorney, W. Turney Fox, F. M. Bottorff, Carl A. Davis and T. B. Cosgrove for Appellant.

Chase, Barnes & Chase, A. H. Swallow, Swallow & Richards and Surr & Hellyer for Respondents.

LANGDON, J.—This is an appeal by defendant from an order striking its cross-complaint from the files in the action. Plaintiffs, owners of ranch lands in Owens Valley, brought the action against defendant city, owner of contiguous lands, to enjoin an alleged excessive diversion of percolating water. Defendant answered, denying material allegations in the complaint, and also filed a cross-complaint seeking to condemn the lands of plaintiffs. Plaintiffs moved to strike the cross-complaint on the ground that it did not relate to the transaction or affect the property involved in the action, and on the further ground that the remedy was not permissible as a means of bringing a special proceeding such as condemnation. The lower court's order granting the motion is appealed from.

We have recently discussed the nature of a cross-complaint (see *Hanes* v. *Coffee*, 212 Cal. 777 [300 Pac. 963]), but we deem it improper to go into the question at this time, for we agree with plaintiffs that this appeal is prematurely brought. Our statute provides for an appeal from (1) a final judgment, or (2) certain specified orders and judgments. (Cal. Code Civ. Proc., sec. 963.) The order here appealed from is not one of those listed in section 963, and it is plainly not a final judgment. It has accordingly been held that an order striking out a cross-complaint or a counterclaim is not itself appealable, but that the correctness of the order may be reviewed on the appeal from the final judgment. (*Pritchard* v. *King*, 104 Cal. App. 460 [285 Pac. 1086]; *Merchants Nat. Bank* v. *Clark-Parker Co.*, 97 Cal. App. 757 [276 Pac. 387].)

Defendant relies mainly upon *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 Pac. 39], where an appeal from an order striking out a cross-complaint was permitted. In that case, however, the cross-complaint was filed by several *defendants* against *other defendants* and the parties in the cross-action were of course not identical with those in the

main action. The court held that as to the cross-complaining defendants the order was a final determination of their cause of action against the other defendants, and that it was severable from the judgment in the main action. In the instant case we have no such situation. Where the parties to both actions are the same, it cannot be said that such an order is a complete determination of the cause. The Howe case is distinguished on this ground in *Merchants Nat. Bank* v. *Clark-Parker Co., supra.*

The appeal is dismissed.

Curtis, J., Seawell, J., and Waste, C. J., concurred.

SHENK, J., Concurring.—I concur in the order of dismissal, but I think attention should be called to the fact that the answer of the defendant alleges that the water from the wells referred to in the complaint, the pumping of which is sought to be enjoined in this action, is and has been devoted to a public use, and the defendant prays that in the event the court should find that the plaintiffs are damaged by a continuance of such pumping and public use, then, the court determine the extent of such damage, and that if injunctive relief be granted to the plaintiffs such relief be made contingent upon the failure of the defendant to pay such compensation as the court may find the plaintiffs entitled to. This answer and the attitude of the defendant as evidenced by the prayer therein brings the cause within the holding of this court in the recent case *of Collier* v. *Merced Irr. Dist.,* 213 Cal. 554 [2 Pac. (2d) 790], as a reverse condemnation proceeding, and the presence of said cross-complaint has become of no consequence, for the reason that the relief sought therein may be granted under the remaining pleadings in the case.

Preston, J., concurred.

RICHARDS, J., Concurring.—I concur in the conclusion arrived at in the main opinion but I do so upon the following grounds:

By their original complaint in this action the plaintiffs sought to enjoin the defendant from continuing an excessive

diversion of the waters of the Owens River, which otherwise would by percolation supply the plaintiffs' several wells upon their respective farms with water. The titles to the several plaintiffs' respective farms were not, or, at the most, were but incidentally involved in the action.

The proceeding to obtain an injunction in this form of action is an equitable one, wherein the plaintiffs' remedies are essentially summary in character. The defendant herein does not attempt to deny the ownership in plaintiffs of their respective lands, but at most only puts in issue, or could put in issue, the amount of percolating water to which the plaintiffs are respectively entitled by virtue of the relation of the lands of each of them to the source of supply.

The defendant, however, has attempted to engraft upon this action by means of a cross-complaint an entirely separate and independent cause of action, arising out of the statutes relating to eminent domain and entirely disconnected with the plaintiffs' cause or causes of action, and wherein it seeks a remedy in nowise affecting plaintiffs' ripened right to an injunction for past offenses and for their threatened continuance, but only seeks to acquire by condemnation the plaintiffs' lands for future uses and in order to forestall subsequent injunctions.

These two proceedings are so essentially foreign to each other, to my mind, as to prevent their being united in a single proceeding by means of the defendant's attempted cross-complaint.

The case of *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 Pac. 39], bears no similarity to the instant situation. In that case the right of the defendants and cross-complainants, as between themselves, in an action arising out of a single casualty and to which they were all original parties, would have been wholly lost by virtue of the order striking out the cross-complainant's pleading, but, in the case at bar, the right of the defendant to maintain, as against one or all of the plaintiffs, by way of cross-complaint, a proceeding in eminent domain is not at all affected by the order of the trial court refusing to allow them so to do. The order of the trial court striking out the defendant's cross-complaint was, therefore, a proper order and was one from which the defendant has no present right of appeal.