181 P.2d 775

**VENUS FOODS v. DISTRICT COURT OF ELEVENTH JUDICIAL DIST. IN AND FOR TWIN FALLS COUNTY et al.**

No. 7356.

Supreme Court of Idaho.

May 28, 1947.

Rehearing Denied June 30, 1947.

Parry, Keenan, Robertson & Daly, of Twin Falls, for defendants.

Harry Benoit and J. H. Blandford, both of Twin Falls, for plaintiff.

GIVENS, Justice.

October 25, 1946, Benjamin Gerks, resident of New York, received from E. P. Polson, warehouseman in Twin Falls, Idaho four warehouse receipts, each covering

80,000 lbs. of U. S. No. 1 Great Northern beans located in Polson's warehouse.

Thereafter, Gerks negotiated the warehouse receipts to the Venus Foods, a California corporation in Los Angeles, receiving from it therefor a $41,600 check. For reasons not now before us, payment on the check was stopped and January 23, 1947, Gerks filed suit in the District Court in Twin Falls County against the Venus Foods, Vernon Canning Company and Polson, warehouseman, to quiet title in the warehouse receipts and beans, and for an injunction restraining the defendants from transferring or negotiating the warehouse receipts or delivering possession of the beans.

The allegations of this complaint were to the effect that three of the warehouse receipts—the only ones involved in the present controversy—were in the possession of the Venus Foods, impliedly in California.

■ Substituted statutory service of summons and complaint was had upon the Venus Foods in California, which by special restricted appearance, alleging the three warehouse receipts involved were in California, properly challenged the jurisdiction of the court, Central Deep Creek Orchard Co. v. C. C. Taft Co., 34 Idaho 458, 462, 202 P. 1062; and thereafter sued out the alternative writ of prohibition herein, to restrain the trial court from proceeding further against the Venus Foods or entering its default.

The trial court denied an injunction against the Venus Foods, and refused to quash the service of summons. The Vernon Canning Company and Polson appeared generally in the action in the District Court and their interests are not now before us or involved herein.

■ The order of the trial court denying the Venus Foods' motion to quash the service on its special limited appearance challenging jurisdiction, was not an appealable order; Section 11-201, I.C.A., and while the original time within which the Venus Foods was required to answer was suspended during and until the motion was disposed of, Central Deep Creek Orchard Co. v. C. C. Taft Co., supra; Kivett v. Crouch, 61 Idaho 536, 543, 104 P.2d 21, the Venus Foods, if the motion were denied, ran the hazard of being in default if not then answering within the time required and thus becoming subject to the challenged jurisdiction. State v. Braun, 62 Idaho 258, 261, 110 P.2d 835. Hence, there was justification for the issuance of the writ herein.

The sole question involved in this proceeding is whether the District Court acquired jurisdiction of the Venus Foods in that action.

■ The negotiation of warehouse receipts is a symbolic delivery of the commodities represented by the receipts and passes title thereto. Frontier Mill. etc. Co. v. Roy White etc. Co., 25 Idaho 478, 138 P. 825; Section 67-141 I.C.A.; People's Savings Bank & Trust Co. v. Huttig Mfg. Co., 1 Ala.App. 394, 55 So. 929; First Nat. Bank v. Neil P. Anderson & Co., 90 Okl. 145, 216

P. 111, 112; see 67 C.J. p. 471, Sec. 46; p. 479, Sec. 60.

 The goods covered by the warehouse receipts can not be delivered by the warehouseman without surrender to him of the receipts. Sec. 67-154, I.C.A. The goods follow and are subordinate to the receipt, not the receipt the goods. Lundy v. Greenvill Bank & Trust Co., 179 Miss. 282, 174 So. 802, 803.

The res of the controversy as between Gerks and the Venus Foods is therefore, in the warehouse receipts and these are in California without the jurisdiction of the court.

Injunctions operate in personam, 28 Am.Juris. 431, Sec. 255, and the trial court properly denied an injunction against the Venus Foods. Guaranty Trust Co. of New York v. Fentress, 7 Cir., 61 F.2d 329.

No jurisdiction over the Venus Foods was thereby acquired through substituted service on the Venus Foods corporation in the quiet title action. The summons against the Venus Foods should be quashed, therefore, and the temporary writ heretofore issued herein is ordered made permanent to that effect. Costs awarded to plaintiff herein.

HOLDEN, and MILLER, JJ., concur.

BUDGE, Chief Justice (specially concurring).

Circumstances over which I had no control prevented me from hearing the arguments in the above entitled cause. However, I have examined the record and the opinion, and have reached the conclusion that the decision is correct. Therefore, I concur.

SUTTON, District Judge, (dissenting).

The 320,000 lbs. of Great Northern beans are in Twin Falls County, Idaho, and are personal property notwithstanding the outstanding warehouse receipts; and, in my opinion, by virtue of the provisions of Section 9-401 I.C.A., as amended by Chapter 22, Idaho Session Laws for 1937, the District Court of Twin Falls County has jurisdiction to determine the title to those beans. It may be the original complaint fails to show a cause of action in Gerks and may even show title to the beans in someone else. Those are questions which I believe the District Court has jurisdiction to decide and therefore the Writ of Prohibition should not be made permanent.