222 P.2d 1077

**FARMERS EQUIPMENT CO., Inc. v. CLINGER et al.**

No. 7654.

Supreme Court of Idaho.

Oct. 4, 1950.

A. A. Merrill, Idaho Falls, for appellant.

Albaugh, Bloem & Hillman and George L. Barnard, all of Idaho Falls, for Harris Mfg. Co.

KEETON, Justice.

Respondent brought this action to recover an alleged balance due from appellant for articles of personal property alleged to have been purchased by appellant. Appellant appeared and filed an answer denying the indebtedness; also filed a cross complaint. In the cross complaint the plaintiff Farmers Equipment Company, Harris Manufacturing Company and Corey Scrimsher were made cross defendants.

The defendant alleged in the cross complaint that on and between October 14, 1947, and September 7, 1948, he had purchased from plaintiff Farmers Equipment Company, Harris Manufacturing Company and Corey Scrimsher, the articles the subject matter of the original complaint, together with other articles, and alleged that the account had been overpaid by mistake in the sum of $308.68.

In a second cause of action against the mentioned cross defendants he further alleged that one of the articles so purchased was a twenty foot cut combine harvester, and when this combine was delivered to him the cross defendants had wrongfully removed a twenty foot header, a part of the combine, and had substituted in lieu thereof a rebuilt sixteen foot header which had been lengthened, and that the header so lengthened from sixteen feet to twenty feet could not perform the work for which it was sold and warranted by the cross defendants, and claimed damages in the sum of $1,642.36.

Service on Harris Manufacturing Company was made by leaving a copy of the summons and complaint with the Clerk of the District Court, return having been made by the sheriff that no agent or officer of the company could be found in the State.

Farmers Equipment Company and Corey Scrimsher appeared and filed a motion to dismiss the cross complaint for the reason "that the matters set forth in said Cross-complaint are not proper grounds for cross-complaint, under the provision of Section 5-617, Idaho Code, 1947."

The transcript shows no appearance by Harris Manufacturing Company. However, both parties seem to assume that a motion was made to quash the service of the summons, and in the court's memorandum decision we find the following: "We now come to the motion to quash the summons, interposed by the defendant, Harris Manufacturing Company", and the court further in his memorandum indicated that he would sign an order quashing the service. The transcript contains no such order.

On motion of the Farmers Equipment Company and Corey Scrimsher to dismiss the cross complaint, the court entered the following order: "It Is Hereby Ordered, Adjudged and Decreed that the Cross-complaint of Vivian Z. Clinger, defendant above named, filed in this Court and Cause on or about the 28th day of October, 1949, be and the same hereby is, dismissed."

Harris Manufacturing Company has appeared specially in this Court and filed a motion to dismiss the appeal as to it, on two grounds; first, said appeal purports to be an appeal from a memorandum decision of the trial court authorizing this cross defendant and respondent to prepare an order to quash service of the summons upon respondent, and no such order having been entered in said cause, there is not an appealable order or judgment within the meaning of Sec. 13-201; I.C.; second, that appellant, prior to or at the time of filing the notice of appeal, or within five days thereafter, failed to file the undertaking or deposit money with the Clerk of this Court, as required by Secs. 13-202 and 13-203, I.C. as to this respondent, nor was such undertaking waived.

Sec. 13-201, I.C. specifies what judgments or orders are appealable. The memorandum decision is not mentioned in the statute, and is not a final judgment from which an appeal may be taken. Stearns v. Graves, 61 Idaho 232, 99 P.2d 955; Blaine County Inv. Co. v. Mays, 52 Idaho 381, 15 P.2d 734; Venus Foods v. District Court, 67 Idaho 390, 181 P.2d 775, Syl. 2.

The second ground for dismissal is that no bond was filed within five days after the filing and service of notice of appeal. The notice of appeal was dated March 16, 1950, and served and filed on March 17, 1950. An undertaking on appeal as to the Harris Manufacturing Company was filed March 31, 1950.

Where an undertaking on appeal is not filed within five days after notice of appeal, and the undertaking was not waived, and there was no deposit of money, the Supreme Court will dismiss the appeal for want of jurisdiction, the statutory requirements being mandatory. McMillan v. Sproat, 47 Idaho 724, 278 P. 224; Melquist v. Board of Commissioners, 45 Idaho 296, 261 P. 774; Brebner v. Western Pine Mfg. Co., 53 Idaho 314, 23 P.2d 723.

What has been said relative to the dismissal of the appeal for failure to give an undertaking as required by statute ap-

plies also to Corey Scrimsher. No cost bond as to him was filed until after the expiration of five days after the filing and service of notice of appeal. While no motion was made by Corey Scrimsher to dismiss the appeal, under the authority of Sec. 13-202, I.C.; McCurtain v. Newton, 40 Idaho 401, 232 P. 565; Myers v. Harvey, 39 Idaho 724, 229 P. 1112, we conclude that the appeal is ineffectual as to him.

The requirements of the statute not having been complied with, the same being mandatory and jurisdictional, this Court acquired no jurisdiction over Harris Manufacturing Company or Corey Scrimsher, and the appeal as to them is dismissed.

We now come to the question presented as to whether or not the judgment or order of dismissal of the cross complaint is an appealable judgment or order so far as the same applies to Farmers Equipment Company.

Sec. 13-201, I.C. provides:

"An appeal may be taken to the Supreme Court from a district court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered; * *."

The parties to the original action before the filing of the cross complaint were the defendant (appellant here) and plaintiff, Farmers Equipment Company (respondent here).

Sec. 10-701, I.C. defines a judgment as "the final determination of the rights of the parties in an action or proceeding."

The question therefore arises, is the order or judgment appealed from a final determination of the rights of the parties, or is it an appealable order within the provisions of Sec. 13-201, I.C.?

It is a general rule that an appeal will not lie from an interlocutory decision unless expressly permitted by statute or constitutional provision. In the absence of such provision in order that there may be a review, final judgment, order or decree must be rendered in the cause.

Thus an appeal does not lie where a judgment or order is made on only a part of the issues or causes in the case leaving others undisposed of, for the reason that such order or judgment is not final, and a judgment disposing of a cross complaint, but not disposing of the other issues between the parties is not appealable. 4 C.J. S., Appeal and Error, § 95, page 190.

In the case of Blaine County National Bank v. Jones, 45 Idaho 358, at page 361, 262 P. 509, 510, the Court said: "Under the statutes and Constitution of this state, appeals can only be taken from judgments that are final, or those from which appeals are specifically provided for. Weiser Irr. Dist. v. Middle Valley, etc. Co., 28 Idaho 548, 155 P. 484. This court, in Lamberton v. McCarthy, 30 Idaho 707, 168 P. 11, held that a final judgment is 'one which disposes

of the subject-matter of the controversy or determines the litigation between the parties on its merits,' following the case of Potter v. Talkington, 5 Idaho 317, 49 P. 14. In Thiessen v. Riggs, 5 Idaho 21, 46 P. 829, it was held that where the record shows no final judgment or other final disposition of the case in the district court, the appeal will be dismissed."

In Stockton Combined Harvester, etc., v. Glens Falls Ins. Co. of New York, 98 Cal. 557, 33 P. 633, the court held that a decree disposing of defendant's cross complaint and not purporting to dispose of other defenses is not a final judgment from which an appeal will lie:

In Pritchard v. King, 104 Cal.App. 460, 285 P. 1086, a demurrer to a cross complaint was sustained, and an amended cross complaint stricken, by an order entitled "judgment upon cross-complaint". From such order, the defendant and cross complainant appealed. The court said: "To that cross-complaint the plaintiff demurred. The demurrer was sustained, and the defendant filed an amended cross-complaint. Later, the plaintiff served a motion to strike out the amended cross-complaint. * * It was granted, and a purported 'judgment upon cross-complaint' was entered. From that judgment the defendant has attempted to appeal, and has brought up a bill of exceptions. The record does not disclose that any judgment in the main action has been entered. We think we are not at liberty to pass on the appeal. The statute did not authorize an independent judgment on the amended cross-complaint. The purported judgment on the cross-complaint, as separate from the judgment in the main case, is not appealable."

In the case of Yandell v. City of Los Angeles, 214 Cal. 234, 4 P.2d 947, the defendant appealed from an order striking its cross complaint from the files in the action. The court held that the order was not appealable and the correctness of the order may be reviewed on appeal from the final judgment.

A "final judgment" is one which ends the suit, and appeals can only be taken from judgments that are final or those from which appeals are specifically provided for. Blaine County National Bank v. Jones, supra; Provident Land Corporation v. Bartlett et al., 53 Cal.App.2d 383, 127 P.2d 928.

For other cases supporting the view that a judgment on a cross complaint is an interlocutory judgment reviewable only on an appeal from a final determination of the litigation between the parties, see David v. Goodman, 89 Cal.App.2d 162, 200 P.2d 568; Bakewell v. Bakewell, 21 Cal.2d 224, 130 P.2d 975; Nolan v. Smith, 137 Cal. 360, 70 P. 166; Bank of America National Trust and Savings Ass'n v. Superior Court, 20 Cal.2d 697, 128 P.2d 357; Doudell v. Shoo, 159 Cal. 448, 114 P. 579; Lyon v. Goss, 19 Cal.2d 659, 123 P.2d 11.

In the case before us the litigation between the original plaintiff (respondent here) and the original defendant (appellant here) has not been finally determined, and there are still issues undisposed of.

Were the rights of the defendant and cross complainant Clinger against Harris Manufacturing Company and Corey Scrimsher before us for review, the order made in this case under holdings of the California Court in similar cases might, if such cases were followed, be considered a final determination of the litigation as to them. See Sjoberg v. Hastorf, 33 Cal.2d 116, 199 P.2d 668; Trask v. Moore, 24 Cal.2d 365, 149 P.2d 854.

■ From what has been said, we conclude that as between the parties to the original action, an order or judgment on a cross complaint that does not dispose of the other issues is not a final judgment and is reviewable as an interlocutory judgment or order only on appeal from the final determination of the cause. If the rule were otherwise, fragmentary or piecemeal appeals could be taken before the cause is finally disposed of on the merits.

For reasons above given, the appeal is dismissed. Costs to respondents.

GIVENS, C. J., PORTER and TAYLOR, JJ., and KOELSCH, District Judge, concur.