(No. 5359. July 18, 1929.)

O. E. BELL et al., Appellants, v. CITY OF MOSCOW, a Municipal Corporation, and STANDARD ASPHALT PAVING COMPANY, Intervenor, Respondents.

[279 Pac. 1095.]

J. H. Forney, for Appellants, cites no authorities on points decided.

Warren Truitt, for Respondents.

BUDGE, C. J.—To initiate the improvement of certain streets within the City of Moscow, the city council, among other necessary statutory proceedings, on June 11, 1928, adopted a "resolution of intention," setting out therein in detail the character of improvements to be made within the proposed improvement district, defining the same, and fixing a time and place for hearing protests against the proposed improvements and the creation of the improvement district. It is conceded that proper publication of the resolution of intention was had, "as required by law." Appellants, property owners within the district, filed written protest against the "proposed plan and intention of the city council." While it is suggested that the transcript is silent on the point, it will be assumed for the purpose of the disposition of the cause that a hearing was had upon the protest so filed, that the protest was overruled, and that an ordinance was thereafter duly enacted providing for the improvements detailed in the resolution of intention, with the cost and expense thereof to be assessed against the property within such local improvement district. Further provisions of the ordinance referred to the awarding of a contract for the doing of the work, and the making of an assessment-roll in accordance with the provisions of the ordinance and of Sess. Laws 1927, chap. 257, sec. 15, together with certification of the same to the city council for hearing thereon.

This action was brought by appellants against the City of Moscow to enjoin it from proceeding with the making of said improvements. Respondent Standard Asphalt Paving Company, to whom the contract for the doing of the work was awarded, intervened. To the complaint filed by appellants, demurrers were interposed by the City of Moscow and the Standard Asphalt Paving Company, intervenor. The demurrers were sustained and the action dis-

missed. This appeal is prosecuted from the judgment of dismissal.

At the time of the filing of appellants' complaint the assessment-roll, as provided by Sess. Laws 1927, chap. 257, sec. 15, had not been prepared or certified to the city council which "shall *thereupon* fix a time when objections thereto by the property owners in said district will be heard . . . . " It would seem, therefore, that appellants' action was premature, and that their remedy in any event would not be by injunction, but only by way of appeal, after objections taken to the assessment-roll, as authorized and limited by secs. 18, 19 and 20 of the Local Improvement District Code, *supra.*

The decision of the city council on all protests to the creation of an improvement district or the making of improvements is final and conclusive, and after decision thereon the city council is deemed to have acquired jurisdiction to order the proposed improvements. (Secs. 12 and 13 of the Act, *supra.*) Thus, no appeal or other proceeding is authorized from the decision of the council on protests. Notice of the creation of the improvement district and intention to make improvements, and hearing of protests against such, being fully provided for by the act, the requirements of "due process of law" are satisfied without the grant of a right of appeal therefrom or resort to the courts. (12 C. J., p. 1239, sec. 1015; *Chambers v. McCollum,* 47 Ida. 74, 272 Pac. 707.)

Section 15 of the act provides that the assessment-roll "shall contain among other things the number of the assessment, the name of the owner if known, or if not known that the name is unknown, a description of each tract assessed and the total amount of the assessment," and after this is certified to the city council and filed in the office of the city clerk, it is the duty of the clerk (sec. 16) to give *notice* of such filing by publication in a newspaper, "and said notice shall state the time at which the council will *hear* and consider objections to said assessment roll by the parties aggrieved by such assessments." Section 17 pro-

vides for *hearing* all objections which have been filed to the regularity of the proceedings in making such assessment, and the correctness of such assessment, or of the amount levied on any particular lot or parcel of land, and "the council shall have the power, . . . . in its discretion, to revise, correct, confirm or set aside any assessment and to order that such assessment be made *de novo* and such council shall pass an order confirming such assessment roll as corrected by them, and their decision and order, subject to appeal as provided in section 18 of this Act, shall be a final determination of the regularity, validity and correctness of said assessment roll, of each assessment contained therein, and to the amount thereof levied on each lot and parcel of land."

By section 18 it is provided that "any person who has filed objections to such assessment or reassessment as hereinbefore provided shall have the right to appeal to the district court of the county in which said municipality may be situated," following with a detailed manner of perfecting said appeal. Section 19 deals with the trial of such appeal in the district court. Section 20 provides:

"No suit to set aside any assessment so made, or to enjoin the making of the same shall be brought, nor any defense to the validity thereof be allowed after the hearing before the city council, and confirmation of such assessment as provided in Section 17 hereof except by appeal therefrom as herein provided."

From this *résumé* of pertinent provisions of the Local Improvement District Code the following conclusions become apparent as applicable to the facts herein: (1) The decision of the city council on the protest filed by appellants was final and conclusive, and thereupon the council was authorized to order the proposed improvements, with no right on the part of appellants to appeal therefrom or resort to the courts. (2) Inclusion of property within the improvement district and assessment for the improvements under the assessment-roll may be objected to and hearing had on the propriety thereof, with the council having the power "to revise, correct, confirm or set aside any assessment." Mere

inclusion of property in the improvement district is not a final decision that it is subject to assessment, therefore, and no substantial right of a property owner is affected by reason thereof; and if, upon the hearing of objections to the assessment-roll it be shown that the property will receive no benefit from the improvements, exemption from assessment would follow. But if any person be dissatisfied with the decision of the council after objections filed to the "assessment or reassessment," further resort for relief still may be had by appeal to the district court. Particularly applicable to this phase of the matter is an expression of the court *In re Organization of Drainage Dist. No. 1*, 30 Ida. 351, 355, 164 Pac. 1018, 1019:

"It will be seen from this *résumé* of the statutory provisions that the order appealed from is not a final order. It may happen that when the commissioners make their report, as above outlined, the lands of appellants may be excluded from the district. At any rate, a further hearing upon the question is provided to be had in the district court, and the statute expressly provides for an appeal from the order confirming the report, upon which appeal the questions sought to be raised in the case at bar may be raised. The statute does not provide for an appeal from the order of the district court which follows the first hearing upon the petition. There has been no final adjudication of the rights involved under the procedure outlined in the drainage act of 1913 and the amendments thereto."

(3) Court action under the act must await preparation and certification of the assessment-roll, after notice and hearing of objections thereto, and this only by way of appeal in the manner provided. Appellants did not allow the assessment-roll to be made up and certified to the city council, then file objections and have a hearing thereon, but proceeded to institute their action after the disallowance of their protest before the making of the assessment-roll, clearly in contravention of the provisions of the act and prior to any final adjudication of their rights. Moreover,

their mode of attack is expressly prohibited by section 20, hereinabove quoted.

The nature of the improvements ordered to be made is within the terms of the statute, the cost and expense thereof to be assessed "upon the lots and land benefited by such improvement and in proportion to the benefits derived to such property" thereby, as in the "resolution of intention" and subsequent ordinance provided (not complained of for irregularity), and appellants must be held to a compliance with the law in moving against the action of the City of Moscow, under which, we hold, they were afforded due process.

The judgment is affirmed. Costs to respondents.

Givens, T. Bailey Lee and Varian, JJ., and Johnson, D. J., concur.

Wm. E. Lee, J., did not sit at the hearing and took no part in the decision.