669 P.2d 196

Dean MANGUM and Diane Mangum, Husband and Wife, Lyman McCandless and Arbella McCandless, Husband and Wife, as Representatives, and on behalf of property owners affected by City Ordinance Number 552, commonly known as Canada Hill LID Project, Plaintiffs-Appellants,

v.

CITY OF OROFINO, a municipal corporation, Defendant-Respondent.

No. 14231.

Supreme Court of Idaho.

Sept. 7, 1983.

Robert E. Kinney, Orofino, for plaintiffs-appellants.

Michael E. McNichols, Orofino, for defendant-respondent.

Michael C. Moore, Lewiston, for amicus curiae Ass'n of Idaho Cities.

HUNTLEY, Justice.

Appellants are property owners within the City of Orofino. They brought this action against the city when the city council passed an ordinance establishing a Local Improvement District which included their property. Appellants allege that I.C. § 50–1709, which sets out the procedure whereby a proposed Local Improvement District (LID) may be protested by affected property owners, is unconstitutional.

In 1979 the City of Orofino applied for federal funds through the Department of Housing and Urban Development and received a $1.5 million grant to aid in the revitalization of the old Orofino townsite. The federal grant was contingent upon the city's contributing at least $100,000 in the form of an LID project. On December 9, 1980, the mayor and city council adopted Resolution 71, which expressed the city's intent to create an LID to finance the paving of two city streets at a total cost of about $120,000.

On December 11 and 18, 1980, the city published in the local newspaper a notice describing the proposed LID and giving the time and place of a public hearing on the matter. A copy of Resolution 71 was mailed to each property owner of record within the LID area, together with an explanation of the nature and effect of the proposed LID project and answers to anticipated questions of property owners. Additional notice of the public hearing (to be held January 6, 1981) was published in the December 18, 1980, and January 2, 1981, editions of the newspaper. When the meeting was held, there were over seventy people present (which appellants allege is a majority of the affected property owners), and a majority of those present expressed opposition to the LID project.

On January 18, 1981, the city council met and adopted city ordinance no. 552, providing for the creation of Local Improvement District No. 31. The ordinance was published in the newspaper on January 15, 1981.

Appellants (Property Owners) brought this action March 26, 1981. City of Orofino (the City) moved for summary judgment alleging that there were no genuine issues of material fact, that it had complied with all of the applicable statutes governing creation of an LID, that the provisions of I.C. § 50–1709 have been held by this Court to be constitutional, and that by failing to commence the action within thirty days after publication of the city ordinance as required by I.C. § 50–1727, Property Owners were barred from contesting the legality of the ordinance. The district court granted summary judgment in favor of the City.

■ Property Owners contend that summary judgment was improper inasmuch as there were material issues of fact to be determined. Since they concede that the City complied with all statutory requirements attendant to adoption of a resolution and passage of an ordinance creating an

LID, Property Owners can only be attacking the validity of the statute itself. Determination of the constitutionality of I.C. § 50–1709 requires no factual determinations beyond those already established. Property Owners do not dispute that the City followed all of the procedures called for by Section 50–1709, and the conclusion of the district court that there were no material issues of fact to be resolved must be upheld.

 As to the City's assertion that I.C. § 50–1727 bars Property Owners' action because it was brought more than thirty days after publication of the city ordinance,[1] we hold that the thirty-day limitation does not apply in this case. I.C. § 50–1727 has application to a "contest or proceeding to question the validity or legality of any ordinance, resolution or proceeding, or any bonds which may be authorized thereby," and not to a constitutional attack on a statute. Because Property Owners admit the City has complied with the applicable statutory requirements, their allegation of illegality goes to the authorizing statute itself, which they claim is unconstitutional. The statutory period of limitations does not apply to an action which challenges the constitutionality of an enactment. *See, Blackwell v. Village of Coeur d'Alene,* 13 Idaho 357, 90 P. 353 (1907).

We now consider Property Owners' contention that I.C. § 50–1709 is unconstitutional as a denial of due process. This Court has upheld the constitutionality of statutes authorizing local improvement assessments, and statutory procedures established for protesting such assessments, on several occasions. *Wheeler v. City of Caldwell,* 48 Idaho 77, 279 P. 412 (1929); *Bell v. City of Moscow,* 48 Idaho 65, 279 P. 1095 (1929); *Oregon Shortline R. Co. v. Berg,* 52 Idaho 499, 16 P.2d 373 (1932).

We find no merit in Property Owners' assertions, such assertions being supported only by the barest of authority. The district court's order of summary judgment is accordingly affirmed. City of Orofino's request for attorney fees pursuant to I.R.C.P. 54(e)(1) is granted.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.

---

1. "50–1727. Publication and conclusiveness of proceedings.—The council may provide for the publication of any ordinance, resolution or other proceeding adopted by it pursuant to this code in the official newspaper of the municipality. For a period of thirty (30) days after such publication any person in interest shall have the right to contest the legality of such ordinance, resolution or proceeding or any bonds which may be authorized thereby. No contest or proceeding to question the validity or legality of any ordinance, resolution or proceeding, or any bonds which may be authorized thereby, passed or adopted under the provisions of this code shall be brought in any court by any person for any cause whatsoever, after the expiration of thirty (30) days from the date when the ordinance, resolution or proceeding was published, and after such time the validity, legality and regularity of such ordinance, resolution or proceeding or any bonds authorized thereby shall be conclusively presumed. If the question of validity of any bonds issued pursuant to this code is not raised within thirty (30) days from the date of publication of the ordinance, resolution or proceeding issuing said bonds and fixing their terms, the authority to issue the bonds, the legality thereof and of the assessments necessary to pay the same shall be conclusively presumed and no court shall thereafter have authority to inquire into such matters."